**MARINO et al. v. UNITED STATES.**

United States District Court
S. D. New York.
Dec. 30, 1948.

Allan Taub, of New York City, for plaintiffs.

John F. X. McGohey, U. S. Atty., of New York City (Nathan Skolnik, Asst. U. S. Atty., of New York City, of Counsel), for defendant United States.

KAUFMAN, District Judge.

Defendant, the United States of America, moves to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter of the action.

The action was brought under the Federal Tort Claims Act[1] and the parties have stipulated as to the facts.

On December 21, 1946, plaintiffs Sylvio Marino and his wife Vivian Marino were riding in an automobile owned by plaintiff Manuel Peno. The car became involved in a collision with a United States Coast Guard jeep, as a result of which both personal and property damage were alleged to have been sustained by plaintiffs.

On April 22, 1947, plaintiffs submitted a joint claim to the United States Coast Guard, which claim contained three separate items aggregating $4,550 consisting of the following: Property damage $50 (Ma-

nuel Peno), personal injuries $3,000 (Vivian Marino), and loss of wife's services $1,500 (Sylvio Marino).

By letter dated October 23, 1947, plaintiffs' attorney was advised by the Chief Counsel to Coast Guard Headquarters (Treasury Department), by direction of the commandant, that each claimant was required to submit a separate claim, and the attorney's attention was directed to the fact that under the Federal Tort Claims Act the Treasury Department had no authority to settle administratively any claim in excess of $1,000.

During November of 1947 three separate claims were submitted on behalf of plaintiffs in the following amounts: Manuel Peno—$45, Vivian Marino—$3,000, and Sylvio Marino—$1,500. Thereafter the Coast Guard (Treasury Department), by letter dated January 22, 1948, again informed counsel for plaintiffs that it had no authority to consider claims over $1,000 and that "if you care to reduce these amounts to amounts within the cognizance of the Treasury Department, consideration will be given to these claims."

On January 28, 1948, plaintiffs' attorney wrote to the Coast Guard authorizing such reduction. Subsequently the Coast Guard, by letter dated April 8, 1948, wrote plaintiffs' attorney: "Reference is made to the claims against the Government of your clients Mr. and Mrs. Sylvio N. Marino, for damages alleged to have resulted from a traffic accident which occurred on December 21, 1946" and, after some discussion of the facts, concluded: "The claims of Mr. and Mrs. Marino must, therefore, be disapproved." The letter made no mention of the claim of Manuel Peno or the disposition thereof. To date there has been no notice by the federal agency as to the final disposition of the claim and the claim has not been withdrawn.

This action was commenced on July 12, 1948, by the filing of a complaint with the clerk of the court. Marino and his wife

[1] Title IV, Public Law 601, Aug. 2, 1946, 60 Stat. 843, 28 U.S.C.A. § 921 et seq., in effect at the time of the commencement of this action. Since the changes made in the new Judicial Code consist of merely insignificant amendments in the wording of the sections involved here [28 U.S.C.A. §§ 2401(b), 2672, 2675], the references hereinafter made will be to the sections of the Code as they existed prior to September 1, 1948.

claim damages in the sum of $1,000 each and Peno claims damages in the sum of $50.

Section 403(a) of the Federal Tort Claims Act, 28 U.S.C. 921(a) [now 28 U.S.C.A. § 2672], provides that the head of the Federal Agency involved has authority "to consider, ascertain, adjust, determine, and settle any claim against the United States * * * where the total amount of the claim does not exceed $1,000 * * *."

Section 420, 28 U.S.C. 942, [now 28 U.S.C.A. § 2401], provides that "every claim against the United States * * * shall be forever barred, unless within one year after such claim accrued * * * it is presented in writing to the Federal Agency out of whose activities it arises, if such claim is for a sum not exceeding $1,000; or unless within one year after such claim accrued * * * an action is begun * * *. In the event that a claim for a sum not exceeding $1,000 is presented to a Federal agency as aforesaid, the time to institute a suit * * * shall be extended for a period of six months from the date of mailing of notice to the claimant by such Federal agency as to the final disposition of the claim or from the date of withdrawal of the claim from such Federal agency pursuant to section 410 of this title, if it would otherwise expire before the end of such period."

■ The sections quoted are not ambiguous and must be given effect in accordance with their language. See Helvering v. New York Trust Co., 292 U.S. 455, 464, 54 S.Ct. 806, 78 L.Ed. 1361. Under these sections every claim that would otherwise be cognizable under the Act is barred unless (a) if it be for less than $1,000 it is presented in writing to the appropriate federal agency within one year after it accrues, in which event the time to bring suit thereon is extended for a period of six months from date of mailing of notice of final disposition by the federal agency, or from the date of withdrawal of the claim from the agency; or (b) an action is begun within one year after the claim accrued.

While plaintiffs did present their claims to the Coast Guard within one year, the claims of Marino and his wife were each for more than $1,000, and suit was not commenced thereon within one year after the claims accrued.

■■ The fact that in January of 1948 the Coast Guard wrote that consideration would be given to their claims if they were reduced, and that thereafter they were reduced, cannot affect the situation here. The reduction was futile, inasmuch as the claims had already been barred by the statute. See McMichael v. United States, D. C., 63 F.Supp. 598. The letter from the federal agency cannot be construed as a waiver, for the Coast Guard has no authority to waive the limitations created by the statute. See Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633.

Therefore, in so far as Marino and his wife are concerned, their actions are barred.

■ With reference to the claim of Peno, a claim for a sum not exceeding $1,000 was filed within the required period. However, Section 410(b), 28 U.S.C. § 931 (b) [now 28 U.S.C.A. §§ 2675, 2676], provides that "no suit shall be instituted * * * upon a claim presented to any Federal agency * * * unless such Federal agency has made final disposition of the claim: Provided, That the claimant may, upon fifteen days' notice given in writing, withdraw the claim from the consideration of the Federal agency and commence suit thereon * * *."

The Coast Guard has made no final disposition as to the claim of Peno, and the claim has not been withdrawn. The letter of rejection related exclusively to the claims of the Marinos, and did not purport to deal with the claim of Peno. Until there has been either a final disposition by the federal agency or a withdrawal of the claim by Peno, suit on the claim is premature.

The motion of the United States is granted, without prejudice to the commencement of another action on the Peno claim within the allowable period of limitations after his claim has been either finally disposed of by the agency or withdrawn by him.

Settle order on notice.