**FRANZINO et al. v. UNITED STATES.**
**Civ. No. 10743.**

United States District Court
D. New Jersey.
March 9, 1949.

Colombo Cammarano, of Paterson, N. J., for plaintiffs.

Alfred E. Modarelli, U. S. Atty., of Newark, N. J., and John J. Corcoran, Jr., Asst. U. S. Atty., of Jersey City, N. J., for defendant.

FAKE, Chief Judge.

This suit is founded on the Tort Claims Act, being 60 U.S.Stat. 842 § 401 et seq., 28 U.S.C.A. §§ 1346, 2671 et seq.

The complaint was filed in this Court on October 14, 1947 seeking damages on six counts for alleged negligence occurring on July 1, 1945.

The then existing Tort Claims Act, as above cited, contains this language: "No suit shall be instituted pursuant to this section upon a claim presented to any Federal agency pursuant to part 2 of this title unless such Federal agency has made final disposition of the claim: Provided, That the claimant may, upon fifteen days' notice given in writing, withdraw the claim from consideration of the Federal agency and commence suit thereon pursuant to this section: Provided further, That as to any claim so disposed of or so withdrawn, no suit shall be instituted * * * for any sum in excess of the amount of the claim presented to the Federal agency * * *." Part 3, Sec. 410(b) [see 28 U.S.C.A. § 2675].

Referring now to Part 2, Sec. 403(a) [see 28 U.S.C.A. § 2672], the following appears: " * * * authority is hereby conferred upon the head of each Federal agency * * * to consider, ascertain, adjust, determine, and settle any claim against the United States * * * where the total amount of the claim does not exceed $1,000, * * *."

The pertinent claims as filed with the Navy Department read for a "total" of $1,707.80. Thus it is noted that the claims as and when filed constitute a "total" in excess of the $1,000 limitation, therefore the Department was without jurisdiction to entertain or determine them, and plaintiff was without any right to present them to the Department for its consideration.

The Act also specifically limits the time within which a suit or claim may be instituted to: (1) one year after the date the claim arose or, (2) within six months after the disposition of the case by the Federal agency.

Looking now to the dates involved, it is seen that the damages complained of took place July 1, 1945 and this suit was not instituted until October 14, 1947. The action was therefore barred on July 1, 1946, while the Act above cited was still in full force and effect, and of course before the present Revision of 1948. The motion to dismiss counts one and two is granted.

The claims comprised within Counts 3, 4, 5 and 6 of the complaint were each filed for sums less than $1,000. These counts in the suit now each read for the sum of $2,500. The language of the Statute, as above quoted, provides that no suit can be instituted for an amount in excess of the claim filed. These counts must therefore be dismissed. Nor can an amendment be allowed. The Statute in question, dealing as it does with a submission by the government to suits against it, must be strictly construed. The complaint has rested in the files of this Court as a nullity since the day it was filed. Any right there may have been for an amendment expired on January 17, 1948, on which date the six months period allowed for the institution of suit expired.