George **LEEDER**, Plaintiff

v.

**UNITED STATES of America,** **Defendant.**

Civ. No. 449–59.

United States District Court
D. New Jersey.
March 2, 1960.

Steisel, Gundersdorf & Wolf, Arthur C. Gundersdorf, Jersey City, N. J., for plaintiff.

Chester A. Weidenburner, Harold Weideli, Jr., Newark, N. J., for defendant.

MEANEY, District Judge.

This is an action for damages for personal injuries allegedly sustained on February 20, 1956, while plaintiff was visiting the office of the Internal Revenue Service in Jersey City, New Jersey. The United States has moved for summary judgment, or, in the alternative, for an order reducing the ad damnum clause of the complaint to $1,000 or less.

In support of its motion for summary judgment the United States relies upon the statute of limitations applicable to the Federal Tort Claims Act, 28 U.S.C. § 2401(b), as it read at all times material to this action:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

This suit was filed on May 26, 1959, well beyond the two-year period allowed by section 2401(b). However, plaintiff claims that the suit is timely, having been filed within six months of the withdrawal of an alleged administrative claim from the consideration of the Government agency involved, in accordance with the alternative provisions of section 2401(b). The chronology of events must be set out in detail in order to evaluate this contention.

February 20, 1956: Plaintiff was injured in the office of the Internal Revenue Service.

June 11, 1956: Plaintiff filed a Form 95 (claim for damage or injury) which did not set forth any amount claimed for damages.

July 12, 1956: The Form 95 was returned to plaintiff with a letter indicating that it "cannot be processed in its present form," i. e., without an amount claimed set forth.

February 21, 1958: Having at this late date retained counsel, plaintiff instituted Civil Action No. 220–58 involving the same parties and subject matter as the instant case.

June 4, 1958: Civil Action No. 220–58 was dismissed "without prejudice to any rights that the said plaintiff may still have as against the defendant." The

dismissal was by consent of the parties, and the grounds therefor do not appear in the record, but it is apparent that the suit was filed more than two years after the cause of action accrued.

June 2, 1958 to July 3, 1958: An exchange of correspondence took place between plaintiff's attorney and a representative of the Internal Revenue Service, inquiring and replying as to the status of the alleged claim of June 11, 1956, to wit: the Form 95 had been returned with advice that it could not be processed until an amount of damages claimed was specified.

February 24, 1959: A second Form 95, specifying damages in the amount of $5,000, was filed.

March 13, 1959: The second Form 95 was returned with the advice that a Form 95 claiming damages in excess of $1,000 could not be processed.

April 14, 1959: The $5,000 claim represented by the second Form 95 was formally withdrawn from agency consideration.

May 1, 1959: Withdrawal acknowledged by the Internal Revenue Service.

May 26, 1959: The instant suit was filed.

Since plaintiff can rely only on his filing of a Form 95 on February 24, 1959, and its subsequent withdrawal, to sustain this suit against the defense of the statute of limitations, the status of that document must be considered. As indicated above, damages were claimed in the amount of $5,000, whereas, at the time, the agency involved simply could not act on a claim in excess of $1,000. 28 U.S.C. § 2672.[1] I am constrained to follow the decision of former Chief Judge Forman of this District (now Judge of the Court of Appeals for the Third Circuit) in Siciliano v. United States, D.C.D.N.J. 1949, 85 F.Supp. 726. That case decided that a claim in excess of $1,000, not being susceptible of administrative adjustment, must be regarded as a nullity. Since the $5,000 claim was of no legal effect, it necessarily follows that its withdrawal cannot give life to this otherwise untimely suit.

The cases relied on by plaintiff do not deal with facts at all similar to those at bar. No authority has been found which calls for a liberal construction of the Federal Tort Claims Act in so far as the procedure for filing an administrative claim or the time limitations applicable thereto are concerned.

The motion of the United States for summary judgment is granted. In view of this, it is unnecessary to consider the alternative motion of the United States.

Let an order be submitted.

---

1. Section 2672 has since been amended to allow administrative adjustment of claims of $2,500 or less. 73 Stat. 471.