**Donald W. POWERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21397.**

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1968.

Stewart Weinberg (argued), of Levy, DeRoy, Geffner & Van Bourg, San Francisco, Cal., for appellant.

Robert Zener, Atty., Dept. of Justice (argued), Barefoot Sanders, Asst. Atty. Gen., Civil Division, Richard Salzman, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., John F. Meadows, Adm. & Shipping, Cecil F. Poole, U. S. Atty., Carl Eardley, Acting Asst. Atty. Gen., San Francisco, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and THOMPSON, District Judge.

ELY, Circuit Judge:

Powers appeals from the District Court's dismissal of his suit against the United States. The dismissal resulted from the District Court's conclusion that the action was barred by lapse of time.

The facts are undisputed. They are shown by Powers' complaint and by photostatic copies of documents which were attached to the Government's motion to dismiss the action. Powers filed his complaint on January 4, 1966. Invoking the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, he alleged that the United States had negligently caused him injury on January 3, 1964. It is seen, therefore, that the complaint was filed more than two years after the claim accrued. Powers sought damages in the sum of $5,223.-45.

On December 15, 1965, Powers, through his attorneys, had forwarded a claim for his "damage or injury" to the legal officer of the Naval Supply Center, Oakland, California. The claim was signed by Powers "under the penalties of perjury" and specified the amount of the claim as $5,000. The Department of the Navy denied the claim in a letter dated January 12, 1966.

The solution to the problem presented by this appeal lies in the interpretation of 28 U.S.C. § 2401(b). After the filing of the complaint in the present case, the section was, in 1966, amended.[1] We are now, however, concerned only with the provisions of the statute as they existed on January 4, 1966, the date of the filing of the complaint. At that time the section provided as follows:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred

---

1. The amended subsection now provides: "(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). This new provision, however, applies only to suits commenced after January 18, 1967. Act of July 18, 1966, Pub.L. No. 89–506, § 10, 80 Stat. 308.

until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

Act of June 25, 1948, ch. 646, 62 Stat. 971, as amended, ch. 92, § 1, 63 Stat. 62 (1949), as amended, Pub. L. No. 86–238, § 1(3), 73 Stat. 472 (1959). Powers concedes that his action was properly dismissed unless it can be held that the basic two-year limitation period was extended because of the claim which was forwarded to the Navy before the expiration of two years from the date of accrual of the claim. Powers' arguments are ingenious, but the statute's unambiguous terms require us to reject them.

 At the relevant time the statute clearly provided that a tort claim against the Government "shall be forever barred unless action is begun within two years after such claim accrues * * *." Insofar as its provisions are applicable here, the statute also provided that the two-year period could be extended "if a claim *not exceeding $2,500* has been presented in writing to the appropriate Federal agency within that [two-year] period of time * * *." (Emphasis added.) Powers presented a claim to the appropriate federal agency within the two-year period, but it was a claim for $5,000. Thus, it was not a claim "not exceeding $2,500," and Congress clearly intended that it be only by the filing of a claim of that specific description that a claimant might extend the time within which he would ordinarily be required to institute his action in the courts. See Leeder v. United States, 181 F.Supp. 322 (D.N.J.1960). Even if it were true, as Powers urges, that the Department of the Navy might have accepted the claim to the extent of an amount not exceeding $2,500,[2] the fact remains that the "claim * * *

in writing," the written claim itself, was one "exceeding $2,500."

Powers also advances the contention, not made below, that since the Navy did not write its rejection of his claim until approximately nine days after the expiration of the two-year period, the Government should be prohibited, by the application of some undefined principle of estoppel, from invoking the statutory limitation period in its defense. The argument has no merit. If a tort claim against the United States is not filed within the time prescribed, a federal district court has no jurisdiction to entertain it. E. g., Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959); DeBonis v. United States, 103 F.Supp. 119 (W.D.Pa.1952); see Jayson, Federal Tort Claims §§ 275.01, 280.01 (1966).

Affirmed.

**2.** Other courts have held that a claim in excess of the statutory limit is not subject to administrative adjustment and is a "nullity." Leeder v. United States, supra; Siciliano v. United States, 85 F.

Supp. 726, 731 (D.N.J.1949); Franzino v. United States, 83 F.Supp. 10 (D.N.J. 1949); Marino v. United States, 82 F. Supp. 190 (S.D.N.Y.1948).