**Keith Yazzie MANN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21896.**

United States Court of Appeals
Ninth Circuit.

Aug. 29, 1968.

Charles E. Cates (argued), Phoenix, Ariz., for appellant.

Wm. Kanter (argued), Atty., Dept. of Justice, Morton Hollander, Chief, Appellate Section, Washington, D. C., Edward E. Davis, U. S. Atty., E. L. Weisl, Jr., Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before ELY and CARTER, Circuit Judges, and BELLONI, District Judge.

ELY, Circuit Judge.

Appellant Mann instituted this action in the District Court on December 22, 1966, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to recover damages for personal injuries alleged to have been sustained on April 9, 1960. The District Court granted the Government's motion to dismiss upon the ground that the action was barred by the applicable statute of limitations. 28 U.S.C. § 2401(b). Mann appeals. Our jurisdiction rests upon 28 U.S.C. § 1291.

Mann is an Indian of the Navajo tribe. He was born in Arizona and lived with his uneducated, nomadic parents until he was nine or ten years old. At about that time, he was enrolled at the Intermountain Indian School at Brigham City, Utah. The school is administered by the Bureau of Indian Affairs. When Mann was approximately sixteen years of age, he was seriously injured as a result of the alleged negligence of the United States. No agent of the Government brought to Mann's attention the possible liability of the United States, and Mann insists that he did not become aware of the possible liability of the Government until some six years later, when he was approximately twenty-two years of age. He then filed this action in the District Court.

The Federal Tort Claims Act provides, in part, as follows: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." 28 U.S.C. § 2401(b). Institution of suit within the two-year period is a jurisdictional requirement. Powers v. United States, 390 F.2d 602 (9th Cir. 1968); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959). The time limitation is not tolled during a claimant's minority. Brown v. United States, 353 F.2d 578 (9th Cir. 1965); Pittman v. United States, 341 F.2d 739 (9th Cir.), cert. denied, 382 U. S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965).

Mann argues that the Government may be prevented from taking advantage of this defense in "a proper case." He points to Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947), wherein the Government was not allowed the limitations defense because the plaintiff, a seaman proceeding under the Jones Act, had been denied access to the courts by reason of his imprisonment by the enemy during time of war. Specifically, Mann relies upon his status as an Indian, alleging that he was a ward of the Government and, as such, was "entitled to the care and protection due from a guardian to his ward."

Assuming, *arguendo*, the validity of the *Osbourne* decision, which was clearly limited to the wartime situation, we are nevertheless convinced that Congress has left no room for an exception to be made in the present case. Although exceptions to the applicability of the limitations period might occasionally be desirable, we are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit. See United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The limitations period established by Congress "must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957).

The fact that Mann is an Indian cannot, therefore, make a difference here. As the Supreme Court has written, "it is now well settled * * * that a general statute in terms applying to all persons includes Indians and their property interests." F. P. C. v. Tuscarora Indian Nation, 362 U.S. 99, 116, 80 S.Ct. 543, 553, 4 L.Ed.2d 584 (1960); see Commissioner v. Walker, 326 F.2d 261, 263 (9th Cir. 1964).

Affirmed.