**PHILLIPS PIPE LINE COMPANY, a corporation, and Phillips Petroleum Company, a corporation, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 68–43.**

United States District Court
W. D. Oklahoma.

April 23, 1969.

Don Jemison, Oklahoma City, Okl., for plaintiffs.

B. Andrew Potter, U. S. Dist. Atty., and Ronald L. Howlands, Asst. U. S. Atty., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOHANON, District Judge.

### FINDINGS OF FACT

**1.**

This case was tried to the Court sitting without a jury, the Statute not authorizing a jury in such cases.

**2.**

On July 13, 1965, Robert H. Smith, an independent contractor, was operating a bulldozer when the ripper on the blade struck and ruptured a ten inch crude oil pipeline which was buried less than ten inches below the surface of the ground. This pipeline was located pursuant to an easement on a farm owned by Fred R. Hirzel, Jr., and the farm was leased, although uninhabited, at the time of the accident herein. The farm is located within the NE/4 of Section 36, Township 16 North, Range 4 West, Logan County, Oklahoma.

**3.**

The plaintiff, Phillips Pipe Line Company, owned, maintained and inspected the pipeline in question and the plaintiff, Phillips Petroleum Company, owned the crude oil which had been delivered by Phillips Petroleum Company into the care and custody of Phillips Pipe Line Company for transportation.

**4.**

That on March 20, 1965, Fred R. Hirzel, Jr., applied for cost sharing assistance for Practice C–1: Establishment of permanent sod waterways to dispose of excess water without causing erosion (7 CFR 701.64), as authorized by Congress (16 U.S.C. § 590h(b)), as part of the National Soil Conservation Program (16 U.S.C. § 590a et seq.) and regulations applicable thereto (7 CFR Part 701). The foregoing Practice involved the re-working of an old waterway practice constructed in about 1954 and the instant Practice ran a distance of 2,680 feet and had an average construction width of 86.5 feet.

This application was referred to the United States Soil Conservation Service (SCS) for technical assistance by the Logan County Agricultural Stabilization and Conservation Service (ASCS), and properly approved. Fred R. Hirzel, Jr., selected and made arrangements with Connie White, doing business as Whiteway Construction Company, an independent contractor, to construct the waterway or Practice herein and this selection was the sole right and responsibility of Fred R. Hirzel, Jr. It was further the responsibility of Fred R. Hirzel, Jr., to determine whether there were any outstanding pipeline easements upon his farm which would interfere with the Practice being established, and that Hirzel did not advise employees of the United States, the contractor, or the dozer operator (Robert Smith) of the pipeline location on his farm prior to the accident herein.

**5.**

In connection with the technical assistance provided to the farmer, Fred R. Hirzel, Jr., pursuant to the application for cost-sharing for Practice C–1, George Schwenk and William Fent, employees of the Soil Conservation Service and the defendant, acting within the scope of their employment, did design, plan, locate, layout, survey, and stake with Practice the area wherein the accident occurred. Upon being notified of the selection by Hirzel of Connie White d/b/a Whiteway Construction Company as the contractor and after accomplishing preliminary work, George Schwenk went onto the farm with Connie White, showed him the Practice area outlined by white flags, and gave White a map of the Practice which did not show thereon the buried pipeline later ruptured by the bulldozer blade. Neither George Schwenk nor any employee of the United States had any knowledge of the pipeline and United States employees did not observe the pipeline markers on the boundaries of the farm, either because of partial or total obstructions to vision (Johnston grass, sunflower stalks) or physical sight limitations.

The Court further finds under the evidence that it was not the responsibility of George Schwenk or any employee of the United States to inspect for buried pipelines and this responsibility was not assumed by custom and practice. However, the contractor would be advised of pipeline markers which were observed by visual examination in connection with the conservation Practice under study as well as any object (telephone cables, water lines, outcroppings of rock, locations of buildings or windmills, water tanks, stock shelters) which would interfere with or alter the construction or feasibility of the conservation practice assigned to the Soil Conservation Service for planning.

No evidence was offered herein that United States employees selected and hired Connie White or Robert Smith, or that they could be discharged or disciplined by the United States, or that their hours or manner of work was controlled by the United States, or that the United States furnished equipment for construction of Practice C–1. Therefore, the Court finds that Connie White and Robert Smith were independent contractors and that the United States had no control over the construction work which was performed following the technical assistance provided by the soil conservation service.

After the preliminary and layout work for Practice C–1 had been completed by employees of the Soil Conservation Service, the certification was made by C. R. Carberry, Work Unit Conservationist, that Practice C–1 was needed and practical for the Hirzel farm. Thereafter, the Logan County Agricultural Stabilization and Conservation Service notified Fred R. Hirzel, Jr. that he would be paid $480.00 under the cost-sharing agriculture conservation program for construction of Practice C–1.

6.

The Court further finds from the evidence that the Phillips Pipe Line Company's claim is in the amount of $1,174.67 which represented the reasonable and necessary cost of repairing the pipeline. The Court further finds that the Phillips Petroleum Company lost a substantial quantity of crude oil at a reasonable value of $5,457.00. That the plaintiffs jointly and respectively claim the Government owes to them this amount of money, all of which claims are respectively denied.

CONCLUSIONS OF LAW

1.

The Court has jurisdiction in this case under the Federal Tort Claims Act, Title 28 U.S.C. Section 1346(b). Under this Act the District Courts have exclusive jurisdiction of actions "* * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The claims accrued herein on July 13, 1965, when the pipeline was ruptured and both plaintiffs filed an administrative claim with the Department of Agriculture on June 27, 1967, by letter from their attorney, Mr. Don Jemison. Phillips Pipe Line Company's claim was in the amount of $1,524.73 and Phillips Petroleum Company's claim was in the amount of $5,457.00. After the claimant, Phillips Petroleum Company, was advised on July 21, 1967, that the administrative claim exceeded the monetary jurisdiction and that the two year limitations period barred the claim, the administrative agency was advised by Mr. Jemison that the Phillips Petroleum Company claim was being reduced to $2,500.00 to date back to the original filing date. Thereafter, the claim of Phillips Pipe Line Company was disallowed on the merits on October 13, 1967, on the grounds of non-negligence of Soil Conservation Service employees and that the contractor was not an employee of the United States.

The claim accrued prior to the effective date of the 1966 Amendments to the Tort Claims Act, Public Law 89–506, 80 Stat. 306, i. e. on January 18, 1967, are to be construed by the pre-1966 Tort Claims Act Statutes and in particular Title 28 U.S.C. Section 2401(b) which provided as follows:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

The statutory language applicable to the claim made herein is explicit

in that the two year limitations period is tolled by a claim "not exceeding $2,500.00." The plaintiff, Phillips Petroleum Company, filed a claim in excess of $2,500.00, and an administrative claim in excess of the monetary jurisdiction is not a valid claim for the purpose of tolling the limitations period. Powers v. United States, 390 F.2d 602 (9th Cir. 1968); Marino v. United States, 82 F. Supp. 190 (S.D.N.Y. 1948); Franzino v. United States, 83 F.Supp. 10 (D.N.J. 1949).

The Congress narrowly delineated the authority for the United States to be sued under the Tort Claims Act, that the limitations period must be strictly observed, and that exceptions are not to be implied, Mann v. United States, 399 F.2d 672 (9th Cir. 1968); cannot be waived, Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959), Marino v. United States, supra, 82 F.Supp. at page 192; and the principle of estoppel is inapplicable herein, Powers v. United States, supra, 390 F.2d at page 604.

### 2.

The precondition to liability under the Tort Claims Act is that the claimant establish a negligent or wrongful act or omission of a government employee acting within the scope of his employment. Dalehite v. United States, 346 U.S. 15, 31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

### 3.

Plaintiffs here argued that the United States is responsible for its failure to know of and advise the contractor of the location of plaintiffs' pipeline and oil. Such failure does not invoke liability under the Tort Claims Act. See Title 28 U.S.C. Section 2680(h) which provides in part:

> "The provisions of this chapter and section 1346(b) of this title shall not apply to * * * (h) any claim arising out of * * * misrepresentation, deceit * * *"

See also Jones v. United States, 207 F.2d 563 (C.A. 2, 1953) cert. den., 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075 (1954); and others.

### JUDGMENT AND DECREE

The Court on this day filed herein its Findings of Fact and Conclusions of Law, and based thereon the Court enters its Judgment herein.

It is, therefore, ordered, adjudged and decreed that the plaintiff take nothing and that the defendant, United States of America, have Judgment against the plaintiff for its costs herein expended.