## Paul SMITH
### v.
### Ermine F. RANDALL et al.
#### Civ. No. K-74-544.

United States District Court,
D. Maryland.

Dec. 12, 1974.

George Beall, U. S. Atty., Leonard M. Linton, Jr., Asst. U. S. Atty., Baltimore, Md., for defendants.

Irving B. Klitzner, Baltimore, Md., for plaintiff.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

█ Smith instituted this tort damage case on May 13, 1974 in the Superior Court of Baltimore City, alleging that he, a passenger in an automobile operated by the defendant Randall, was injured on April 18, 1972 in a collision between that vehicle and another automobile operated by the defendant Bostic. Smith further alleges that the defendant Bostic was a postal employee and also alleges that the accident was caused by the negligence of each and all of the defendants named by him. On May 30, 1974, the United States removed the case to this Court pursuant to 28 U. S.C. § 2679(d) and 39 U.S.C. § 409, admitted in a document filed in this case that Bostic was acting within the scope of his employment by the Postal Service, and substituted itself as defendant for Bostic and the Postal Inspectors pursuant to 28 U.S.C. §§ 2679(b) and (c). Accordingly, Bostic and the Postal Inspectors were completely relieved of any personal liability for the accident and are entitled to have this case dismissed as to them. Carr v. United States, 422 F.2d 1007 (4th Cir. 1970); *see* Garrett v. Jeffcoat, 483 F.2d 590, 593 (4th Cir. 1973). Therefore, the Government's motion to dismiss this case as to those defendants is hereby granted.

As to the United States in its capacity as substituted defendant, the Govern-

ment seeks summary judgment pursuant to 28 U.S.C. § 2401(b) which provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

After the accident, plaintiff's attorney filed a claim with the U. S. Postal Service pursuant to the provisions of the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b) et seq.; 39 U.S.C. § 409. Thereafter, by registered letter dated May 21, 1973 and delivered on May 22, 1973, an attorney in the Claims Division of the United States Postal Service notified Smith's attorney that Smith's claim had not been allowed and that if Smith was "dissatisfied with the final action on his claim, he may file suit in an appropriate United States District Court not later than six months from the date of this letter."

 Section 2401's requirements are jurisdictional. *See* Driggers v. United States, 309 F.Supp. 1377, 1379 (D.S.C.1970). *See also* Powers v. United States, 390 F.2d 602, 604 (9th Cir. 1968).[1] Further, both of the time provisions of section 2401(b) must be met.

Childers v. United States, 442 F.2d 1299, 1301 (5th Cir.), cert. denied, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). In this case the second provision has not been met since this case was not instituted in the Superior Court of Baltimore City until May 13, 1974, almost a year and far more than six months after the administrative denial on May 21, 1973. Accordingly, the Government's motion for summary judgment as to the Postal Service is hereby granted.

The remaining defendant in this case, Mrs. Randall, is, like Smith, a citizen of the State of Maryland. Accordingly, no diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Nor, as far as the record discloses, is there any other basis for bestowing upon this Court jurisdiction over the dispute between Smith and Randall. Therefore, insofar as this case pertains to those two parties, it is hereby remanded to the Superior Court of Baltimore City as provided for in 28 U. S.C. § 2679(d). *See* Whealton v. United States, 271 F.Supp. 770, 773–74 (E.D. Va.1967).

The Government's motions for dismissal as to defendants Bostic and the Postal Inspectors and for summary judgment as to the United States as substituted defendant are hereby granted. As to the defendant Randall, this case is hereby remanded to the Superior Court of Baltimore City.

1. In *Powers* the Court was governed by 28 U.S.C. § 2401(b) before it was amended to its present state in 1966. Before that amendment, section 2401(b) provided as follows:

A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date

of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim.

There would appear no reason why the "jurisdictional approach" of Powers is not applicable with regard to section 2401(b) as amended in 1966. *See* Driggers v. United States, *supra* at 1379.