**Sarah Beatrice PERKINS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–76–0055–D.**

United States District Court, W. D. Oklahoma.

Nov. 26, 1976.

594

See also D.C., 76 F.R.D. 590.

Mike Tesio, Jr., M. Joe Crosthwait, Jr., Midwest City, Okl., for plaintiff.

Donald E. Jose, Trial Atty., Washington, D. C., David L. Russell, U. S. Atty. by John E. Green, Susie Pritchett, O. B. Johnston, III, and Ronnie Pyle, Asst. U. S. Attys., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a Federal tort claims action for alleged medical malpractice arising from treatment rendered to Plaintiff by personnel employed by the Department of the Air Force, an agency of the United States. Defendant has filed a Motion for Hearing Issue of Cause of Action Being Barred by Statute of Limitations which is supported by a Brief. Plaintiff has filed a Response opposing said Motion. Plaintiff has also filed a pleading captioned Motion to Strike Defendant's Motion for Hearing Issue of Cause of Action Being Barred by Statute of Limitations. This latter "Motion" appears to be an irregular pleading which the Court determines should be stricken as a Motion, but considered as a supplement to Plaintiff's Response.

Said Motion appears to be based on Rule 42(b), Fed.Rules Civ.Proc. Defendant also relies upon the case of *Reilly v. United States,* 513 F.2d 147 (Eighth Cir. 1975) in support of its Motion to separate the issues. Defendant urges it will present evidence to prove Plaintiff knew of her condition more than two years prior to the commencement of her claim and that such proof could eliminate the necessity of a trial on the merits.

Plaintiff in her Response urges the Motion should be denied because the statute of limitations issues are closely intertwined with the issues to be presented on the merits. Plaintiff urges that being required to present the same expert medical evidence on two occasions would not save time and would increase expenses to both parties. Plaintiff also urges that the ends of justice would not be served.

In the supplement to her Response, Plaintiff urges that Defendant has waived the defense of Statute of Limitations in that Defendant failed to set out said defense in its Answer as required by Rule 8(c), Fed. Rules Civ.Proc.

The Court determines in its discretion that Defendant's Motion which requests that the issues be separated should be denied for the reason that expert medical testimony would appear to be required to establish when the purported malpractice claim "accrued". Determination of such "accrual" would be based on when the Plaintiff discovered or should have discovered the acts constituting the alleged malpractice. *Reilly v. United States,* supra. Much of the same evidence would appear to also be directed towards establishing the Plaintiff's case on the merits. The requested separation would not be conducive to litigant or judicial economy.

Plaintiff's contention that Defendant has waived the defense of Statute of Limitations by failing to assert same as an affirmative Defense is without merit. The provisions of 28 U.S.C. § 2401 setting out the time in which tort claims action against the United States must be presented to the appropriate Federal agency constitute jurisdictional requirements for such an action, and same cannot be waived. *Ashley v. United States,* 413 F.2d 490 (Ninth Cir. 1969); *Mann v. United States,* 399 F.2d 672 (Ninth Cir. 1968).

The action will be placed on the non-jury docket for trial on all issues. The parties are directed to present the Pretrial Conference Order to the Court within 10 days of this date.