**Sally MAGRUDER, Plaintiff-Appellant,**

v.

**The SMITHSONIAN INSTITUTION, Defendant-Appellee.**

**No. 84–5567**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 24, 1985.

George O'Grady, Miami, Fla., for plaintiff-appellant.

Marilyn G. Koonce, Linda Collins Hertz, David H. Lichter, Asst. U.S. Attys., Miami, Fla., Sharon White Senghor, Gen. Counsel, Washington, D.C., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAV-ITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

AFFIRMED on opinion of district court.

## MEMORANDUM OPINION

The plaintiff, Sally Magruder, seeks damages for alleged conversion by the defendant, The Smithsonian Institution, of the "Washington Cradle" after its failure or refusal to return that item upon demand. After a nonjury trial including argument of counsel, the Court has determined that plaintiff's claim is time barred and accordingly, the relief sought should be denied.

The material facts are largely not in dispute. On June 8, 1932, Marshall Magruder, the father of Peyton Magruder, wrote a letter to Dr. Alexander Wetmore, Assistant Secretary of the Smithsonian Institution, offering the "Washington Cradle" to defendant as a gift on behalf of his son, Peyton Magruder. In a letter to Peyton Magruder dated June 24, 1932, from J.E. Graf, Associate Director of the, then, U.S. National Museum of the Smithsonian Institution, defendant acknowledged gift of the "Washington Cradle." At the time the gift was made, Peyton Magruder was 20 years and 8 months old and was on a U.S. Navy Midshipman's cruise. Peyton Magruder reached the age of majority on October 19, 1932. In October 1932, Peyton Magruder learned from his sister that his father, Marshall Magruder, had placed the cradle with the defendant "for safekeeping." Peyton Magruder did not inquire of Marshall Magruder the terms under which the cradle had been placed with defendant.

In a letter to his son, Peyton, dated February 14, 1937, Marshall Magruder, responded to his son's apparent inquiries about the possibility of having the cradle displayed at Mt. Vernon rather than defendant's National Museum. Mr. Magruder, in that reply, refers to Mr. Graf's letter from the Museum dated June 24, 1932 and states that such letter is "attached."

There is no further correspondence regarding the cradle until 1974. In a letter dated June 3, 1974, Peyton Magruder wrote Mr. Mikesh, an Assistant Curator at the Smithsonian Institution's National Air and Space Museum in response to his request concerning an unrelated donation. In this letter he states that although his father had died in 1956, he had just recently gone through his papers and discovered a letter from the Smithsonian thanking him for the gift of the cradle. After inquiring about its condition and whether it was on display, he wrote, "I would like to obtain possession of the piece." At the time Peyton Magruder wrote this letter defendant urges that he already knew defendant considered the cradle a gift.

On October 15, 1974, defendant wrote Peyton Magruder a letter stating it received the crib as "good faith gift" and attached a copy of Marshall Magruder's letter of June 8, 1932 offering the crib as a gift with "no strings attached." In the same letter, defendant invited plaintiff to submit any evidence that would rebut the presumption of a gift. Peyton Magruder did not communicate with defendant again until August 22, 1979, five years later, when his attorney wrote defendant asking for the return of the cradle. Defendant responded by letter dated September 27, 1979. In this letter defendant reasserted that a valid gift of the crib had been made to "the Smithsonian." Plaintiff's attorney replied by letter dated October 25, 1979. He asserted that Peyton Magruder was a minor at the time of transfer and, thus, could not have made a gift.

On December 31, 1979, defendant wrote plaintiff's attorney explaining it held its property in trust for the public and was not free to return an object without substantiated evidence that it had not received good title. Noting problems with the contentions of plaintiff's attorney, the museum reasserted its claim to good title.

By letter dated November 7, 1980, plaintiff's attorney made a formal demand for the crib. Defendant, in its letter of November 19, 1980, rejected the request for return of the crib, stating "our records appear to support our claim of ownership."

On March 24, 1981, Peyton Magruder filed an administrative tort claim with defendant agency for the return of the cradle and damages of one million dollars.

As Peyton Magruder was in frail health his deposition was taken on December 3, 1981, to preserve testimony in anticipation of suit. Peyton Magruder died on January 14, 1982.

Peyton Magruder's estate is now closed. Plaintiff is suing in her capacity as the residuary beneficiary of his estate. She did not file an administrative claim in her own name. Plaintiff commenced this action in her own name against the United States of America on March 14, 1983.

### Plaintiff's Contentions

Plaintiff contends that no formal demand for return of the crib was made until 1979 and that the defendant never refused to return it. She also argues that the law of Florida controls which provides a four-year statute of limitations. Florida Statute 95.-11(3)(h). Until that demand was made, defendant's possession being lawful, plaintiff urges that the statute of limitations does not begin to run. She contends that when the original taking is lawful, conversion does not occur until there is a demand and a refusal at which time the statute of limitations begins to run. She rejects the applicability of laches and insists that the filing of the administrative claim triggered the limitations in Title 28, U.S.C. § 2401(b). As the widow of Peyton Magruder and the residuary legatee, plaintiff asserts that she inherited any right to the crib and accordingly is a proper party plaintiff.

### Plaintiff's Claim is Time Barred

It could be argued that Peyton Magruder learned in February 1937 that the defendant had accepted the cradle as a gift in his behalf. It was then that Peyton's father sent to Peyton a copy of the defendant's letter of June 24, 1932 acknowledging the gift. However, the original longhand letter of February 14, 1937 from Marshall Magruder to Peyton which was received in evidence did not have attached the June 24, 1932 letter. Additionally, Peyton Magruder, in his letter dated June 3, 1974 to the Assistant Curator at the Smithsonian and in Peyton's deposition, insists that he did not learn about the letter of June 24, 1932, until he found it among his father's papers which he had just recently reviewed. In his letter Peyton wrote, "I was amazed to find a letter from the Smithsonian thanking him, on my behalf, for the gift of the cradle—which I had understood to be on loan only." "... Since I never personally gave the cradle as a gift, and my father had no authority to do so if he did, I would like to obtain possession of the piece." In response, the defendant advised Peyton by letter dated October 15, 1974, that it received the crib as "a good faith gift" and attached a copy of Marshall Magruder's letter of June 8, 1932 offering the crib as a gift with "no strings attached."

It is thus clear that as early as June 1974 Peyton was aware of his father's actions and of the necessity for him to proceed accordingly. Nevertheless, Peyton took no further action until August 22, 1979, five years later, when his attorney wrote the Smithsonian asking for the return of the cradle.

Title 28, U.S.C., § 2401(b) provides:

A tort against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within 2 years after such claim accrues....

 Despite this requirement Peyton did not file an administrative tort claim until March 24, 1981. The 2 year limitation period is a jurisdictional requisite to suit and is strictly construed. *Mann v. United States,* 399 F.2d 672 (9th Cir.1968). The filing of the administrative claim some 6 years after the claim accrued deprives this court of jurisdiction to grant the relief

sought. Having resolved this threshold issue, it is unnecessary to reach other contentions of the defendant.[1]

Judgment will be entered for the defendant dismissing this action with prejudice.

This September 15, 1983.

/s/ C. Clyde Atkins
UNITED STATES
DISTRICT JUDGE

1. If, as Peyton argues, his father had no authority to make a gift of the crib at a time when the former was a minor, he certainly had a duty long before he did to disaffirm his father's action. Defendant also argues that the letter from his father in 1937 strongly suggests Peyton knew of the gift at that time. The claim thus accrued before the Federal Tort Claim Act became effective. That Act applies only to claims accruing on or after January 1, 1945. 28 U.S.C. § 1346(b).