609 F.Supp. 298 (1985)
Complaint of VALLEY TOWING SERVICE as Owner of the M/V CITY OF GREENVILLE for exoneration from or limitation of liability.
The VALLEY LINE COMPANY, et al., Plaintiffs,
v.
The M/V CITY OF GREENVILLE and Valley Towing Service, Inc., Defendants.
The M/V CITY OF GREENVILLE and Valley Towing Service, Inc., Third-Party Plaintiff,
v.
UNITED STATES of America, Third-Party Defendant.
Nos. 83-1149A(1), 83-808A(1).
United States District Court, E.D. Missouri, E.D.
May 24, 1985.
*299 Richard F. Johnson, Warren C. Ingersoll, Lord, Bissell & Brook, Chicago, Ill., John Scott Hoff, Lapin & Hoff, Chicago, Ill., Frank N. Gundlach, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for plaintiffs.
Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for Valley Line Co. and Flowers Transp. Co.
Elmer Price, Hubert I. Binowitz, Goldstein & Price, St. Louis, Mo., for Monsanto Co., Cons. Grain and Barge and American River Transp. Co.
Paul B. Lee, St. Louis, Mo., for Archway Fleeting & Harbor Service.

MEMORANDUM
NANGLE, Chief Judge.
This matter is now before the Court on the motion of third party defendant, United States of America for summary judgment. Third party plaintiff, the M/V City of Greenville and Valley Towing Service, Inc. brought a claim against the United States pursuant to the Suits in Admiralty Act, 46 U.S.C. § 741 et seq. The Government primarily relies in the instant motion upon an exception to its waiver of sovereign immunity for claims based upon the performance of a discretionary function contained in the Federal Torts Claim Act, 28 U.S.C. *300 § 2680(a), and which has allegedly been extended to the Suits in Admiralty Act.
The cases before the Court are two consolidated admiralty actions arising from an accident on the Mississippi River. On April 2, 1983, the M/V City of Greenville which was owned and operated by Valley Towing Service collided with the Poplar Street Bridge in the St. Louis Harbor. Numerous claims for damages and exoneration from liability have been filed. On the night of the accident, one of three vertical white lights on the Poplar Street Bridge was not functioning. While the Poplar Street Bridge was maintained by the Missouri Department of Highways and Transportation, third party plaintiff alleges negligence on the part of the United States Coast Guard in failing to require the maintenance of three working visible lights; failing to determine that the vertical white lights on the main channel span were not fully functioning; failing to require that retroflective material be installed around the navigational lights in order to render them more clearly visible; and failing to timely notify any navigators or potential navigators on the Mississippi River that the white lights were not operational.
The Government argues that it is immune from liability in these actions because any involvement it had regarding the maintenance of the white lights on the bridge was discretionary in nature. The Government thus contends that it is entitled to the defense of discretionary function.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983). The parties do not assert that there are any contested facts regarding the questions raised by the Government. These arguments are, therefore, ripe for summary judgment.

Applicability of the Discretionary Function Defense to the Suits in Admiralty Act
Third party plaintiff brings its claim against the Government under the Suits in Admiralty Act (SAA), 46 U.S.C. § 741 et seq. This Act allows parties to bring all maritime claims against the United States under the admiralty jurisdiction of the federal courts. Bearce v. United States, 614 F.2d 556, 558 (7th Cir.1980). Prior to certain amendments to the SAA, the maritime claims which are now covered by the Act were covered by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680. The FTCA contains an exception to its waiver of sovereign immunity, however, for claims based on the performance of a discretionary function or duty on the part of a federal agency or employee. 28 U.S.C. § 2680(a). The SAA does not contain an express discretionary function exception, yet a number of courts have extended this exception to the SAA by implication. See, e.g., Faust v. South Carolina State Highway Department, 721 F.2d 934 (4th Cir.1983); Gemp v. United States, 684 F.2d 404, 408 (6th Cir. 1982); Magno v. Corros, 630 F.2d 224 (4th Cir.1980); Bearce v. United States, 614 F.2d at 559; Gercey v. United States, 540 F.2d 536, 539 (1st Cir.1976); Williams v. *301 United States, 581 F.Supp. 847 (S.D.Ga. 1983), aff'd. 747 F.2d 700 (11th Cir.1984); Doty v. United States, 531 F.Supp. 1024 (N.D.Ill.1982), aff'd. 712 F.2d 286 (7th Cir. 1983). While the Fifth Circuit has refused to extend this exception to the SAA in De Bardeleben Marine Corp. v. United States, 451 F.2d 140, 145-46 (5th Cir.1971), that particular holding was dictum. See Gercey v. United States, 540 F.2d at 539 n. 4. Nor have any other circuits which have addressed the matter followed De Bardeleben. This Court follows the majority of circuits and concludes that the discretionary function exception contained within § 2680(a) of the FTCA is applicable to the SAA.

Applicability of the Discretionary Function Exception to the Government's Acts
The parties concede that the State of Missouri Department of Highways and Transportation retained the duty of maintaining the Poplar Street Bridge, while the Coast Guard retained a regulatory function regarding the navigational waters of the Mississippi River. Under 14 U.S.C. § 81, the Coast Guard has discretionary authority to establish aids to navigation. Pursuant to this authority, the Coast Guard promulgated regulations which require certain bridges to mark their main underlying channel span with a set of three white lights. 33 C.F.R. § 118.65. The Poplar Street Bridge is one such bridge, and the failure of one of the lights on April 2, 1983, was not in accordance with regulations. Therefore, while the Missouri Department of Highways and Transportation retains the duty of insuring compliance with these regulations, the Coast Guard is responsible for policing compliance. See United States v. Varig Airlines, ___ U.S. ___, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). The Coast Guard, however, does inspect the lights on the Poplar Street Bridge from time to time. Such inspections generally occur twice monthly, with weather permitting. In fact ten days prior to the accident at hand, the Coast Guard discovered that one of the white lights on the bridge was not working, and it notified the Missouri Department of Highways and Transportation. In addition, the Coast Guard broadcast to navigators that one of the white lights was not functioning properly on that date. The light was replaced by the Missouri Department on the day of notification.
It is clear that the discretionary function exception applies to the Government's decision whether or not to erect navigational aids or warnings. Faust v. South Carolina State Highway Department, 721 F.2d at 939; Gemp v. United States, 684 F.2d at 408; Bearce v. United States, 614 F.2d at 560. Once the decision to construct such aids or warnings has been made, however, the Government can be liable for negligently maintaining its structures. Indian Towing Co., Inc. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955); Burgess v. M/V Tamano, 373 F.Supp. 839, 841 (D.Me.1974). Thus, the United States is immune from suit with respect to the exercise of discretion at the planning level of its decision making process, but may be sued for negligent decisions at the operational level. Madison v. United States, 679 F.2d 736, 739 (8th Cir.1982).
While the proper functioning of a light involves operational decisions relating to normal day to day routines, the United States is nonetheless entitled to the discretionary function exception under United States v. Varig Airlines, ___ U.S. ___, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). In Varig the plaintiffs charges the Federal Aviation Administration (FAA) with negligently certifying two aircrafts, despite the presence of deviations in the construction of the aircrafts from governmental regulations. The Court found that the duty to insure that the airplanes complied with regulations rested with the manufacturer, while the FAA retained the responsibility for policing compliance. The FAA chose to carry on this responsibility through a system of spot checks, which is a policy decision in and of itself.
Like the FAA in Varig Airlines, the Coast Guard in this action chose to require *302 bridge owners to maintain three white lights under certain conditions. The Coast Guard further left the duty to insure compliance with this regulation with the bridge owner, while the Government twice monthly checked the lights. The parties do not dispute that the Coast Guard followed the dictates of their own policy in this action. Third party plaintiff merely alleges that the Government should have instituted a policy of patrolling the bridge with greater frequency. The facts of this case are very similar to those of Varig Airlines, which will be followed here. The Government thus, is entitled to the discretionary function exception set forth in 28 U.S.C. § 2860(a), and the action against it is dismissed.