**WILLIAMS PIPE LINE COMPANY, a Delaware corporation, Plaintiff,**

v.

**CURTIS BENSON & SONS, INC., a Minnesota corporation; Curtis Benson, an individual, and Robert Arendt, an individual, Defendants and Third-Party Plaintiffs,**

v.

**UNITED STATES of America, Third-Party Defendant.**

Civ. No. 4-85-151.

United States District Court, D. Minnesota, Fourth Division.

April 2, 1986.

Richard L. Evans, O'Connor & Hannan, Minneapolis, Minn., for plaintiff.

Terence L. Maus, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, Minn., for defendants and third-party plaintiffs Curtis Benson and Curtis Benson & Sons, Inc.

Owen L. Sorenson, Stringer, Courtney & Rohleder, St. Paul, Minn. for defendant and third-party plaintiff Robert Arendt.

Carol B. Swanson, Asst. U.S. Atty., Minneapolis, Minn., for third-party defendant U.S.

DIANA E. MURPHY, District Judge.

Plaintiff Williams Pipe Line Company brought this action for damages against Curtis Benson & Sons, Inc., Curtis Benson, and Robert Arendt. Defendant Arendt crossclaimed against Curtis Benson & Sons and Benson (collectively, Curtis Benson). All defendants brought third-party complaints against the United States.[1] This matter is now before the court on the United States' motion to dismiss for failure to state a claim upon which relief can be granted.

For the purposes of this motion, the court takes third-party plaintiffs' factual allegations as true. Plaintiff Williams Pipe Line owns an oil pipeline running beneath the property of defendant Arendt. Defendant Arendt applied to the United States Soil Conservation Service (SCS) for financial and technical assistance in building a waterway. SCS employees or agents designed the waterway and supervised its construction. Defendant Curtis Benson performed the actual construction. In the course of this work, an excavating machine punctured Williams' pipeline, causing considerable damage and necessitating expensive clean-up efforts.

Third-party defendant asserts that third-party plaintiffs' claims are barred by either the misrepresentation exception, 28 U.S.C. § 2680(h) or the discretionary function exception, 28 U.S.C. § 2680(a) to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* At this early stage in the litigation,

---

1. Defendants originally named the United States Department of Agriculture Soil Conservation Service, Wabasha County, Minnesota, as third-party defendant. United States Magistrate J. Earl Cudd approved a stipulation substituting the United States as third-party defendant.

the only question before the court is whether it "appears beyond doubt that the [third-party] plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.1979) (citations omitted), *cert denied* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1980).

■ The misrepresentation exception to the FTCA bars claims alleging negligent or intentional misrepresentation, even where "the Government owes a 'specific duty' to obtain and recommunicate information carefully." *United States v. Neustadt,* 366 U.S. 696, 710, 81 S.Ct. 1294, 1302, 6 L.Ed.2d 614 (1961). A party may state a negligence claim, however, if it "focus[es] not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Block v. Neal,* 460 U.S. 289, 296–297, 103 S.Ct. 1089, 1093–1094, 75 L.Ed.2d 67 (1983).

The United States concedes for the purpose of this motion that it had actual or constructive knowledge of the existence of the oil pipeline. It argues that the "very essence of the third-party claims in this action is communication," and that the misrepresentation exception precludes liability based on the SCS's financial and technical assistance. The third-party plaintiffs dispute this characterization of SCS's role and argue that its involvement was far more active than the United States would suggest, that SCS was negligent in its design, construction, supervision, inspection, direction and certification, of the waterway project. The United States concedes that SCS agents designed and staked the project. Third-party plaintiffs' assertions state more than a claim for misrepresentation. *Cf. National Carriers, Inc. v. Unit-*

*ed States,* 755 F.2d 675 (8th Cir.1985) (claim stated by alleging inspector negligently inspected, sorted, and labelled contaminated beef, but not by alleging he misrepresented its value). At this stage, the court cannot find that third-party plaintiffs have mischaracterized SCS's participation in the waterway project, and accordingly cannot dismiss the third-party claims on grounds of the misrepresentation exception.[2]

■ The discretionary function exception, the United States' alternative ground for dismissal, excepts from FTCA liability claims

> based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Congress designed the exception "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). The exception does not protect only the acts of executives and administrators: "it is the nature of the conduct, rather than the status of the action, that governs whether the discretionary function applies in a given case." *Id.* (citations omitted). The United States is immune from suit at a policy or regulatory level, but not at an operational level, *see, e.g., McMichael v. United States,* 751 F.2d 303, 305–306 (8th Cir.1985).

The SCS may well have exercised a discretionary function when it decided to participate in the soil conservation project, *see, e.g., id.* at 307; *Complaint of Valley Towing Service,* 609 F.Supp. 298, 301 (E.D.Mo. 1985). Once the SCS undertook to do so,

---

**2.** The United States relies on *Phillips Pipe Line Co. v. United States,* 299 F.Supp. 768 (W.D.Okla. 1969), and *Vaughn v. United States,* 259 F.Supp. 286 (N.D.Miss.1966), both involving ruptured pipelines. These cases do not support the

government's position because both Phillips Pipe Line and Vaughn failed to allege anything more than negligent misrepresentation, third-party plaintiffs have here.

however, its actions were not policy-related or regulatory, but operational. The United States concedes that applicable SCS Directives require SCS agents to investigate the existence of underground utilities and indicate the existence of such utilities on construction drawings.[3] The United States also concedes, at least for the purpose of this motion, that it failed to conduct such an investigation. On the record now before the court, the discretionary function exception does not shield the United States from suit alleging the negligence of its employees and agents. *See, e.g., National Carriers, Inc. v. United States*, 755 F.2d 675, 678 (8th Cir.1985) (distinguish "discretionary judgments concerning agency policy and non-discretionary responsibilities to carry out federal regulations); *Bergmann v. United States*, 689 F.2d 789, 792 (8th Cir.1982) ("discretionary function exception inapplicable to allegations that government employees ignored or failed to comply with regulations or policies designed to guide their actions in the particular situation.")

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of third-party defendant United States to dismiss is denied.

---

**3.** The third-party claims against the United States are not grounded in SCS's violation of these Directives, but in Minnesota's good samaritan doctrine, *e.g., Thelen v. Spilman*, 251 Minn.