204 F.2d 831
 RUSHFORM,
v.
UNITED STATES.
 No. 227, Docket 22641.
 United States Court of Appeals Second Circuit.
 Argued April 14, 1953.
Decided May 28, 1953.
 
 John R. Cummins, Plattsburg, N.Y., for appellant.
 Alan S. Rosenthal, New York City, Warren E. Burger, Asst. Atty. Gen., Edmund Port, U.S. Atty., Syracuse, N.Y. Paul A. Sweeney, Department of Justice, Washington, D.C., for appellee.
 Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from a judgment, summarily dismissing his complaint against the United States, brought under the 'federal Tort Claims Act.'[1] The judgment was based solely upon the complaint and answer, together with a release granted by the plaintiff to three partners, the owners of a truck, that had caused the personal injuries for which he sued. The complaint alleged that the United States was engaged in a 'Reconversion Housing Project';[2] and had employed 'a project engineer' to inspect the machinery used in its construction. The United States had let out the project by a contract with the Buffalo Borden Building Company; but had 'retained the right to supervise and interfere in the progress of the work.' The partners released were subcontractors and used on the 'Project' a 'truck crane' that was 'defective and was constituted a nuisance and was highly dangerous both in itself and in its operation'; and the 'project engineer knew * * * and was aware of the defective crane,' but 'permitted' it 'to be operated on the project and failed to have' it 'removed and barred from the project.' The plaintiff was an employee of the contractor in chief and was injured by the operation of the crane. He brought an action in the state court in New York against the three partners, which he settled for $14,000 by giving them a release 'for personal injuries and damages suffered by me on June 7, 1946, when struck by the boom of a truck crane' owned by them. The only question that we need consider is whether this was a bar to the action against the United States.
 
 
 2
 The 'Federal Tort Claims Act'[3] gives jurisdiction to the district courts over actions for injuries caused by an employee of the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred', and we will assume without deciding that the complaint alleged a good case under the law of New York where the claim arose. On the other hand it is the settled law of that state, following the common-law, that the release of one of several joint tort-feasors, without reserving any claim against the others, releases all.[4] The plaintiff's answer to this is that, although the Act adopts the local law so far as concerns those facts that are necessary to determine whether a claim arises at all, it stops there. Transactions that may release the claim, or, we assume, may affect its continued existence in any other way, are not within the words: 'under circumstances where * * * a private person, would be liable'. We need not say whether the effect of a release, executed in another state, is to be determined by the law of that state, or by the law of the state where the claim arises, for the release at bar was executed in New York; and the plaintiff does not tell us to what law we are to look: whether to some 'general' or 'federal' law under the doctrine of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, or elsewhere. Nor need we seek any such umbrageous refuge; for it is plain that Congress meant to make the proper state law in all respects the model for the liabilities it consented to accept; and that the 'circumstances' included as much those facts that would release a liability once arisen, as those on which its creation depended. Since the release was executed in New York, it is the law of that state that controls.
 
 
 3
 Judgment affirmed.
 
 
 
 [1]
 Secs. 1346, 2671 et seq., Title 28, U.S.C
 
 
 [2]
 Sec. 1521 et seq., Title 42, U.S.C.A
 
 
 [3]
 Sec. 1346(b), Title 28, U.S.C
 
 
 [4]
 Barrett v. Third Avenue R.R. Co., 45 N.Y. 628; Milks v. McIver, 264 N.Y. 267, 190 N.E. 487