**Francesco CORDARO, Plaintiff,**

v.

**Richard H. LUSARDI, Defendant.**

No. 72 Civ. 3644.

United States District Court,
S. D. New York.

Feb. 1, 1973.

Marshall L. Brenner, Poughkeepsie, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., New York City, for the S. D. N. Y., by Gerald A. Rosenberg, New York City, of counsel.

GURFEIN, District Judge.

This is an action for personal injuries allegedly resulting from a collision on November 7, 1969 in Poughkeepsie between an automobile driven by the plaintiff and a Chevrolet station wagon operated by the defendant, Richard H. Lusardi, and owned by his employer, the National Park Service of the Department of the Interior, an agency of the United States.

The action was begun in the Dutchess County Supreme Court on July 12, 1972 by the service of a summons on the defendant. On August 25, 1972 the action was removed from the State Court to this Court pursuant to 28 U.S. C. §§ 1442(a)(3), 1446 and 2679(d). The removal was proper under § 2679(d) if "the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose." The removal by the Government was prompt—within six weeks of the service of the complaint on its employee.

The Government has now moved (1) for the substitution of the United States as the party defendant; and (2) for dismissal of the action under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because plaintiff failed to pursue his administrative remedies as a result of which there is no jurisdiction over the subject matter, and because the acceptance by the plaintiff of an administrative settlement effected a release of the claim for personal injuries.

I

To determine the question of whether the defendant was an employee of the United States acting within the scope of his employment at the time of the incident I referred the issue to Magistrate Jacobs to hear and report. He reports that the defendant was so acting. I have reviewed his report and confirm the finding. Accordingly, the United States is substituted as the party defendant.

II

28 U.S.C. § 2679(b) provides that the remedy against the United States for personal injury resulting from the operation of a motor vehicle in the scope of his employment is exclusive of any other civil action by reason of the same subject matter against the employee whose act or omission gave rise to the claim. This exclusivity of remedy in turn requires a compliance with the

conditions precedent to an action in tort against the United States.

28 U.S.C. § 2675(a), as amended in 1966 by Pub.L. 89–506 § 2, 80 Stat. 306, now provides that an administrative claim is a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Driggers v. United States, 309 F.Supp. 1377 (D.S.C.1970). It is further provided that a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

In this case there were two presentations of claim. The first was informal and resulted in an accord whereby the plaintiff and his insurer accepted $554.-11 for property damage and executed a general release.

The second presentation of claim, this time in a formal way, was allegedly received by the Department of the Interior on July 17, 1972 although it gave the original date of claim as March 21, 1971.

An affidavit from the secretary of the plaintiff's lawyer has been presented in which she swears that on April 9, 1971 she served "Claim Forms executed by Francesco Cordaro upon the United States by mailing two (2) copies thereof to the United States Department of the Interior, Office of the Solicitor, Second Bank Building, 420 Chestnut Street, Philadelphia, Pa. 19160, enclosed with a cover letter in a post paid wrapper which I deposited in a United States receptacle for mail located at the intersection of Market and Common Streets in the City of Poughkeepsie, Dutchess County, New York." Annexed to this affidavit is a copy of the letter mentioned reading: "Per yours of April 1, 1971, enclosed find claim forms re the above matter. I would appreciate hearing from you per mine of March 25,

1971. Very truly yours, Marshall L. Brenner."

Proof of mailing creates a rebuttable presumption of receipt. Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932). The circumstance that the date of March 21, 1971 as it appears on the July 17, 1972 claim coincides with the date of the covering letter strongly supports the presumption. There is, at least, an issue of fact and summary judgment cannot be rendered on behalf of the Government upon the ground that no claim was made by the plaintiff administratively within two years of the accident. 28 U.S.C. § 2401(b).

Nor can summary judgment be granted on the theory of release or accord and satisfaction. Although these are affirmative defenses to be pleaded, Fed.R.Civ.P. 8(c), they may be considered before answer under Rule 12(b)(6) if the motion to dismiss is converted into one for summary judgment under Fed.R.Civ.P. 56. See Nemitz v. Norfolk and Western Ry. Co., 287 F.Supp. 221, 231 (N.D.Ohio 1968); Huber v. United States, 244 F.Supp. 537 (N.D.Cal.1965).

The Government contends that the execution of a general release by the plaintiff, albeit in connection with a claim for property damage, bars a claim for personal injuries arising out of the same collision as a matter of law. If federal law is properly applicable, the United States has support for its view in Huber v. United States, supra, and Wexler v. Newman, 311 F.Supp. 906, 907 (E.D.Pa. 1970).

The cases cited each assumed that federal law governs the validity of the release. I express the view, with deference, that state law governs the validity of the release.

The Federal Tort Claims Act gives the District Courts jurisdiction of actions for injury caused by an employee of the United States "under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The purpose was to make the proper state law the model for the liabilities which the United States consented to accept. Rushford v. United States, 204 F.2d 831, 832 (2 Cir. 1953). There is no question that "the act or omission" referred to in the statutes is the act of negligence and this act concededly occurred in New York State.

The Court of Appeals for this Circuit has, indeed, held that the effectiveness of a release given to the United States by the plaintiff's decedent before his fatal airplane flight was governed by state law. Montellier v. United States, 315 F.2d 180, 184–185 (2 Cir. 1963). The Court reasoned that the purpose of the Tort Claims Act was " 'to render the Government liable in tort as a private individual would be under like circumstances.' Richards v. United States, 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962)"; and that since under Massachusetts law a release would not bar the plaintiff's suit against a private person in the circumstances of the *Montellier* case, it would not bar her suit against the Government.

To determine whether the application of New York law to the validity of the release would make any difference in result, the facts surrounding the release should be noted.

Following the accident, the plaintiff's insurer, the United Security Insurance Fund, entered into correspondence with the Department of the Interior. No formal claim was filed under the provisions of the Tort Claims Act. 28 U.S.C. § 2675(a). The parties, nevertheless, informally reached an agreement on March 25, 1971 under the terms of which the Department agreed to pay to the plaintiff and his insurer the sum of $554.11. The agreement was recorded on Form 1145—"Voucher for Payment Under Federal Tort Claims Act."

Under the heading "Brief Description of Claim" there was typewritten the following: "Award of claim for property damage to claimant's 1966 Ford 4-door Suburban when it was in collision with a government owned 1968 Chevrolet station wagon being operated by an employee of the National Park Service on November 7, 1969." There was no reference to any claim for personal injury. Under "Acceptance by Claimant" there is printed: "I, the claimant do hereby accept the within-stated award, compromise, or settlement as final and conclusive on me, and agree that said acceptance constitutes a complete release by me of any claim against the United States and against the employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter."

■■ The issue is whether the general language in the release is conclusive or whether parol evidence is available to explain the intention of the parties with regard to the scope of the release.*

In New York the liberal view has been adopted. A general release does not always mean what it seems to say. As Judge Fuld wrote in Cahill v. Regan, 5 N.Y.2d 292, 299, 184 N.Y.S.2d 348, 354, 157 N.E.2d 505, 509 (1959): "Although the effect of a general release, in the absence of fraud or mutual mistake, cannot be limited or curtailed (see Lucio v. Curran, 2 N.Y.2d 157, 161, 157 N.Y.S.2d 948, 951, 139 N.E.2d 133; Kirchner v. New Home Sewing Mach. Co., 135 N.Y. 182, 188, 31 N.E. 1104, 1106), its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of." See also Mangini v. McClurg,

---

* The parol evidence rule is a rule of substantive law. Smith v. Bear, 237 F.2d 79, 83 (2 Cir. 1956); Eskimo Pie Corp. v. Whitelawn Dairies, 284 F.Supp. 987, 992 (S.D.N.Y.1968, Mansfield, J.).

24 N.Y.2d 556, 562, 301 N.Y.S.2d 508, 513, 249 N.E.2d 386, 390 (1969): " . . . the cases are many in which the release has been avoided with respect to uncontemplated transactions despite the generality of the language in the release form."

Treating the 12(b)(6) motion as a motion for summary judgment on behalf of the United States, it is denied.

It is so ordered.