642 F.2d 344
 John BAILEY, for and on behalf of John Bailey and Jessie
Bailey, husband and wife, and for and on behalf of Jonathan
Williams, a minor, by and through his Conservator Leon
Bailey, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 79-3136.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 18, 1980.
Decided April 20, 1981.
 
 John W. McDonald, Tucson, Ariz., argued for plaintiffs-appellants; Joe F. Tarver, Chandler, Tullar, Udall & Redhair, Tucson, Ariz., on brief.
 Virginia Mathis, Asst. U. S. Atty., Phoenix, Ariz., argued for defendant-appellee; Michael D. Hawkins, U. S. Atty., Phoenix, Ariz., on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before DUNIWAY and TRASK, Circuit Judges, and JAMESON,* District Judge.
 DUNIWAY, Circuit Judge:
 
 
 1
 The district court dismissed this wrongful death action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., because of plaintiffs' failure to present their claim to the federal agency within two years of the accident. We affirm.
 
 I. The Facts
 
 2
 The facts, as set forth in the pleadings and "Joint Statement of Facts," may be summarized as follows:
 
 
 3
 On May 21, 1975, Eddie Bailey died from an explosion while employed at a gunnery range on the Gila Air Force Field in Arizona. Two co-workers, James Hawkins and Bert Ferganchick, were injured in the explosion and the same law firm represented Hawkins, Ferganchick and the heirs of Bailey in asserting tort claims against the United States for alleged negligence in connection with the accident.
 
 
 4
 The attorneys mailed claims for Ferganchick and Hawkins to the Air Force claims office in mid-August 1975. Receipt of these claims was promptly acknowledged by the claims officer in charge. Because a personal representative had not yet been appointed for the Bailey estate, no claim was filed on behalf of the Bailey heirs at that time, although the attorneys did notify the claims officer that such a claim would be forthcoming and that they would be representing the Bailey heirs.
 
 
 5
 Over the course of the next thirteen months, several letters passed between the attorneys and the Air Force concerning the Bailey claim. In a letter of January 13, 1976, the attorneys sent an autopsy report on Bailey and a wage statement from his employer. In a letter of January 20, 1976, the claims officer requested information concerning Bailey's dependents, earnings, and length of employment. The officer noted that the Air Force had not yet received a claim from Bailey's estate but that it was his understanding that a claim would be filed once a personal representative was appointed. In March, 1976, the attorneys sent additional information, including Bailey's funeral bills. The claims officer acknowledged this letter and informed the attorneys that when Bailey's administrative claim and certain medical information about Hawkins were received, agency files on the three claims would be complete.
 
 
 6
 On September 13, 1976, following appointment of a conservator, the attorneys mailed the claim forms for Bailey to the Air Force claims officer. The government admitted for purposes of its motion to dismiss in this case that the claim forms had indeed been mailed; however, the evidence is that the cover letter and enclosed claim forms were never received by the Air Force.
 
 
 7
 Some nine months later, on June 14, 1977, the attorneys were notified that the Air Force denied the Hawkins claim. The Ferganchick claim had previously been denied and suit had been filed in March, 1977. On learning that the Hawkins claim was denied, the attorneys inquired by telephone as to the status of the Bailey claim. They were then told that the Air Force had no record of receiving a claim form from Bailey's estate. The attorneys immediately sent copies of the claim, but the Air Force refused to consider it for failure to file within two years of the accident as required by 28 U.S.C. §§ 2401(b), 2675(a) and regulations implementing these statutory provisions, 28 C.F.R. § 14.2(a); 32 C.F.R. § 842.105(a)(1). This lawsuit followed.
 
 
 8
 In the district court the government presented the affidavits of four claims officers all stating that the Bailey claim had not been received until after the two year limitation period had elapsed. The government moved to dismiss the action for lack of jurisdiction and the motion was granted. Bailey's heirs appeal.
 
 
 9
 II. The Merits.
 
 
 10
 In cases dealing with 28 U.S.C. § 2401(b) and § 2675(a), neither the Supreme Court nor this court has departed from the principle that the Federal Tort Claims Act "waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." United States v. Kubrick, 1979, 444 U.S. 111, 117-118, 100 S.Ct. 352, 357-58, 62 L.Ed.2d 259.
 
 
 11
 See: House v. Mine Safety Appliances Co., 9 Cir., 1978, 573 F.2d 609, 613-614 (Administrative claim requirement of § 2675(a) "is jurisdictional in nature and cannot be waived"); Caidin v. United States, 9 Cir., 1977, 564 F.2d 284, 286; Blain v. United States, 9 Cir., 1977, 552 F.2d 289, 291; Caton v. United States, 9 Cir., 1974, 495 F.2d 635, 637; Claremont Aircraft, Inc. v. United States, 9 Cir., 1969, 420 F.2d 896, 898; Mann v. United States, 9 Cir., 1968, 399 F.2d 672, 673; Powers v. United States, 9 Cir., 1968, 390 F.2d 602, 604.
 
 
 12
 Section 2675(a) requires, as a prerequisite to suit, that the "claimant shall have first presented the claim to an appropriate Federal agency." Section 2401(b) requires that the claim be "presented in writing ... within two years after such claim accrues." Part 14, § 14.2 of 28 C.F.R. provides that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."
 
 
 13
 We have upheld the regulation, (see cases cited, supra) and Bailey does not question its validity here. Here, the claim was not "presented," i. e., "received" by the agency, as the statute and the regulation require, within two years. Yet Bailey, in the face of these facts and the foregoing authorities, would have us read an exception into the statute and the regulations because of the particular circumstances in this case.
 
 
 14
 It is always tempting to try to extend statutory time limits in favor of those who have failed to comply with them. Judges naturally prefer that a person claiming to be injured shall have a chance to have his claim heard and decided on its merits. However, assuming, without deciding, that we may excuse literal compliance with the procedural requirements of the Act in a case in which unusual circumstances exist, this is not such a case.
 
 
 15
 Plaintiffs and their counsel do not claim ignorance of the statutory and regulatory requirements. They knew that a claim was required. They knew when it must be presented. The regulation gave them notice that a claim is not presented until it is received. Counsel had presented two other claims, arising from the same incident, and the Air Force had promptly (within a week) acknowledged receipt of those claims. Counsel mailed plaintiffs' claim some eight months before the statutory deadline. They did not send it by certified or registered mail, a well known and easy way to establish receipt of the claim by the Air Force. They received no acknowledgment of the claim, a fact that should have suggested that the claim had not been received, but had gone astray, in view of the prompt acknowledgment of the other claims. They were under an obligation to their clients to see that the claim was received. Yet thereafter, for the better part of eight months, they did nothing at all. Apparently it was of no moment to them whether the claim was received. They did not inquire until after the two year period had run, and then only when they were awakened by a denial of one of their other claims. We do not think that we should now stretch and distort the statute and the regulation to rescue counsel from their own carelessness.
 
 
 16
 Accordingly, we reject appellant's claim for relief from the requirements of the Act. The circumstances here do not warrant equitable relief, if indeed such relief is available. Nor do we accept appellants' invitation to rewrite the Act and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be "presented." See Steele v. United States, S.D.Cal., 1975, 390 F.Supp. 1109, 1111-1112.
 
 
 17
 Moreover, we cannot treat the furnishing of Bailey's funeral expenses and wage data as a "claim," for the reason that they do not meet the "sum certain" requirement of 28 C.F.R. § 14.2(a). House v. Mine Safety Appliances Co., supra, 573 F.2d at 615; Caidin v. United States, supra, 564 F.2d at 287. Finally, we reject appellants' claim that a presumption of receipt arises in this case. Assuming, without deciding, that such a presumption may arise under federal law, it was amply rebutted by the affidavits presented to the district court by the government.[1] In light of these affidavits and of the particular facts of this case, the district court properly concluded, on the motion to dismiss, that the government had not received the Bailey claim. Berardinelli v. Castle & Cooke, Inc., 9 Cir., 1978, 587 F.2d 37, 39 (district court may rely on affidavits to make factual findings in deciding question of jurisdiction on a motion to dismiss under F.R.Civ.P. 12(b)(1)). Appellants could do little to contradict these affidavits except offer evidence of mailing.
 
 
 18
 Affirmed.
 
 JAMESON, District Judge, dissenting:
 
 19
 I respectfully dissent.
 
 
 20
 The purpose of the administrative claim requirement, 28 U.S.C. § 2401(b) and § 2675(a), which was added to the Federal Tort Claims Act (FTCA) in 1966, Act of July 18, 1966, Pub.L.No.89-506, was to provide "for more fair and equitable treatment of private individuals and claimants when they ... are involved in litigation with their government." S.Rep. 1327 reprinted in 2 U.S.Code Cong. & Admin.News 2515-16 (1966). In my opinion this case is one where "the technical procedures of the Tort Claims Act must give way to the clear demands of justice." Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 516 n. 4 (6 Cir. 1974).
 
 
 21
 Unlike the cases cited in the majority opinion, where strict adherence to the time limitation was clearly appropriate, e. g., Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9 Cir. 1970); Mann v. United States, 399 F.2d 672 (9 Cir. 1968); Powers v. United States, 390 F.2d 602 (9 Cir. 1966), the claimants in this case did not sleep on their rights. The Baileys' counsel promptly investigated the accident and filed claims on behalf of three clients. They diligently pursued the claims, corresponding frequently with the Air Force claims officers, until all the claims were completed. In addition to the letters documented in the record and noted in the stipulation of facts, counsel note that numerous phone calls were made.
 
 
 22
 The Bailey claims, initially held up by probate proceedings, were sent by regular mail well in advance of the expiration of the statute of limitations. While the Government did not receive the claims, it had substantial information concerning them. The Air Force had investigated the accident in considering the Hawkins and Ferganchick claims. It had information concerning Bailey's heirs, his annual income, length of employment, and expenses claimed in connection with his death. In fact, the only information the Government lacked was the total amount claimed. Bailey's counsel promptly furnished this information as soon as they learned that the claim forms, which had been mailed nine months earlier, had been lost. The Government was in no way prejudiced by the short delay beyond the limitations period when copies of the claims were received.
 
 
 23
 With perfect hindsight, the Bailey's counsel admit that they should have sent the claims by certified mail or made earlier inquiry when they didn't receive an acknowledgment of receipt from the Air Force. But they had encountered no similar problems with the other claims. They were in frequent contact with Air Force claims officers concerning all of the claims, and had no real reason to believe that the Bailey claims had not been received. Air Force personnel and the offices responsible for handling the claims changed from time to time. The post office did not return the claims undelivered. In a letter to counsel dated January 20, 1976, the Air Force claims officer anticipated that the investigation and adjudication of the claims would exceed six months and stated he would "keep counsel advised of the status of the claims." The Air Force had the Hawkins claim for twenty-two months before notifying counsel the claim was denied.[1] Under thee circumstances, it was reasonable for counsel to assume that the claim was in order and had been received.[2]
 
 
 24
 Air Force personnel submitted affidavits stating they were on the lookout for the Bailey claims, obviously anticipating from prior documents, correspondence, and phone calls that the completed claim forms would be filed. For unknown reasons the Air Force withheld its decision on the Hawkins claim until the statute of limitations had run on the Bailey claims. If the Hawkins claim had been denied but a few weeks earlier, it is obvious that duplicates of the missing Bailey papers would have been remailed in time.[3] This, combined with counsel's early and diligent efforts to present the claims, the Government's receipt of substantial pertinent information to consider the claims well in advance of the running of the statute, its investigation of the facts in determining the issue of liability in related cases, and the fortuitous loss of the claim in the mail, under circumstances where the Baileys' counsel was reasonably unaware of the loss, constitute "clear demands of justice" warranting relief from the "technical procedures of the Tort Claims Act." Executive Jet Aviation, supra.
 
 
 25
 Merely because the administrative claim requirement is a "jurisdictional prerequisite" should not foreclose our consideration of these equitable factors. In House v. Mine Safety Appliance Co., 573 F.2d 609 (9 Cir.), cert. denied, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978), a case relied on by the majority, this court recognized that where "unusual and extenuating circumstances" exist, literal compliance with the administrative claim requirements may be excused. Id. at 618. This court "softened the vigor" of 28 C.F.R. § 14.3(e) because certain claimants presented problems not previously considered by this court and their failure to strictly comply with the regulations did not prejudice the Government.
 
 
 26
 Other courts have likewise mitigated the harsh results that follow from an inflexible application of the regulations. See, e. g., Molinar v. United States, 515 F.2d 246 (5 Cir. 1978); Apollo v. United States, 451 F.Supp. 137 (M.D.Pa.1978); Van Fossen v. United States, 430 F.Supp. 1017 (N.D.Cal.1977); Fallon v. United States, 405 F.Supp. 1320 (D.Mont.1976); DeGroot v. United States, 384 F.Supp. 1178 (N.D.Iowa 1974); McCarter v. United States, 373 F.Supp. 1152 (E.D.Tenn.1973); I recognize that all of these decisions involve aspects of the FTCA administrative claims requirement other than the time limitation. But a comparable "jurisdictional" time limitation applicable to employment discrimination cases, 42 U.S.C. § 2000e-5(e), has under exceptional circumstances been modified to give effect to the broad remedial purposes of the Civil Rights Act. See, e. g., Fox v. Eaton Corp., 615 F.2d 716, 718 (6 Cir. 1980), U.S.App. pending; Leake v. University of Cincinnati, 605 F.2d 255 (6 Cir. 1979); Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 474-75 (D.C.Cir.1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); Reeb v. Economic Opportunity Atlanta, 516 F.2d 924, 927 (5 Cir. 1975); Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5 Cir. 1970). I see no reason why the FTCA time limitation should not likewise be construed to give effect to the remedial purposes of the Act.[4]
 
 
 27
 I agree with the majority that mailing alone does not constitute "presentment" to the agency to which a claim is addressed. Steele v. United States, 390 F.Supp. 1109, 1111 (S.D.Cal.1975). Nor need we rely on a presumption of receipt. Cf. Cordaro v. Lusardi, 354 F.Supp. 1147 (S.D.N.Y.1973), aff'd without opinion, 513 F.2d 624. The circumstances surrounding the Government's non-receipt of the Bailey claims within the statutory period should be considered, however, before summarily dismissing those claims for lack of jurisdiction.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 In Cordaro v. Lusardi, S.D.N.Y., 1973, 354 F.Supp. 1147, aff'd without opinion, 2 Cir., 1975, 513 F.2d 624, on which appellants rely, it was not clear to the court whether or not the claim had been received within two years. See id. at 1149. The court relied in part upon a rebuttable presumption of receipt arising from proof of mailing within two years, to defeat a motion for summary judgment. Here, the presumption, assuming that it exists, is rebutted by proof of non-receipt
 Appellants are mistaken in arguing that state law governs the jurisdictional question in this case. Congress has specifically provided a federal limitations period in 28 U.S.C. §§ 2675(a) and 2401(b), and the interpretation of that limitation is a matter of federal law.
 
 
 [1]
 A letter from the claims officer to counsel dated April 2, 1976, stated that upon receipt of the Bailey administrative claims and additional medical records on the Hawkins claim the investigative file would be complete. The record does not disclose when the Hawkins medical records were mailed, but it was obviously prior to the mailing of the Bailey claims. See note 2
 
 
 [2]
 The cover letter transmitting the formal Bailey claims, dated September 23, 1976, stated that "(T)his should complete your file on all three claims Bailey, Ferganchick, and Hawkins, but if there is anything further you need, please advise."
 
 
 [3]
 The Government argues that appellants could have considered the claims denied and filed their lawsuit after six months and therefore should bear the loss of the claims. This procedure, however, is expressly optional. It would also violate Congressional intent of encouraging settlement of claims if a claimant were to be penalized for waiting when he "may feel the agency is sincerely seeking to reach a fair decision." See S.Rep.No.1327, 2 U.S.Code Cong. & Admin.News 2518-19 (1966); Mack v. United States, 414 F.Supp. 504, 506-08 (E.D.Mich.1976)
 
 
 [4]
 I do not deprecate the importance of timely filing of claims with an administrative agency. But where the purposes behind a time limitation have been met and circumstances warranting relief from literal application are compelling, relief may be justified. In American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court discussed the application of this principle to "substantive" statutes of limitation, i. e., those like the FTCA where the substantive federal statute also contains its own limitation for filing suit. The Court concluded that the "proper test is not whether a time limitation is 'substantive' or 'procedural', but whether tolling the limitation in a given context is consonant with the legislative scheme." Id. at 557-58, 94 S.Ct. at 768