**David C. OWENS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–84–0020 EFL.**

United States District Court, N.D. California.

Oct. 3, 1984.

Stephen A. Chase, Chase & Winslow, Milbrae, Cal., for plaintiff.

Kimberly Reiley, Asst. U.S. Atty., San Francisco, Cal., for defendant.

MEMORANDUM DECISION

LYNCH, District Judge.

The above-entitled case was tried by the Court, sitting without a jury. The matter was submitted on stipulated facts and legal briefs.

The sole issue, as agreed upon by the parties, is whether the plaintiff's September 5, 1979 claim for veterans' benefits constituted a proper claim under the Federal Tort Claims Act (FTCA). If it does not, the plaintiff agrees that he has failed to file a timely claim and the statute of limitations has run.

Under the FTCA, a claim must be filed with the proper administrative agency

within two years of the date from when the cause is known or it is forever barred. 28 U.S.C. § 2401(b). This claim required is jurisdictional and cannot be waived. 28 U.S.C. § 2675; *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir.1980).

The Ninth Circuit has set out the requirements for a valid claim in *Warren v. U.S. Department of Interior*, 724 F.2d 776 (9th Cir.1984). These requirements are:

1. A written statement sufficiently describing the injury to enable the agency to begin its own investigation; and

2. A sum certain damages claim.

Plaintiff's September 5, 1979 paper stated as follows:

"While ... duck hunting—the gun discharged and injured my great right toe ... During June 1979 surgery was performed at Veterans Medical Center ... The surgery was not performed correctly and necessitated a second operation for the amputation of my right great toe."

■ The Court finds that these allegations, although quite general, are sufficient to meet the first requirement of a written statement sufficiently describing the injury.

■ As to requirement number two, to wit, the sum certain requirement, to meet this requirement, a value must be placed on the claim or the requirements of the FTCA are not satisfied. *Warren v. U.S. Department of Interior*, 724 F.2d 776 (9th Cir. 1984); *Avril v. United States*, 461 F.2d 1090 (9th Cir.1972); *Canton v. United States*, 495 F.2d 635 (9th Cir.1974); *Bailey v. United States*, 642 F.2d 344 (9th Cir. 1981). Plaintiff's handwritten note on the government form which constitutes his claim and which is Exhibit One says absolutely nothing about a sum certain. It mentions no figures at all either specific or general. It merely states that "the surgery was not performed correctly and necessitated the second operation for the amputation of my right great toe."

It is clear that plaintiff must state a sum certain and by not mentioning a figure at all, he has not met the second prong of the test set forth by the Ninth Circuit in *Warren v. U.S. Department of Interior*, 724 F.2d 776 (9th Cir.1984).

Plaintiff makes two further arguments:

1. That the Veterans Administration has in effect waived statutory requirements because it took two years to deny a second claim.

■ This is a somewhat difficult argument to follow but in any event it is clear that the requirement that a valid claim be submitted within the two years is jurisdictional and cannot be waived. *Rooney v. United States*, 634 F.2d 1238 (9th Cir.1980).

■ 2. That the Veterans Administration has an administrative mandate to furnish information to each person who inquires as to the procedures for filing against the United States and that here the Veterans Administration was on notice of the potential federal tort claim and that it should have instructed the plaintiff on the proper tort claim procedure.

The only legal support he cites for this argument are two cases, namely, *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971) and *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975). However both these cases relate to whether or not the claimant has factually complied with the sum certain requirement and not whether the agencies involved had a duty to inform the claimant upon the filing of his claim that he had not put a sum certain down and must do so. Plaintiff submits no legal authority for his argument.

For reasons stated above, the Court finds that the claim of September 5, 1979 was not a valid claim and that therefore the statute of limitations has run. Accordingly, judgment is entered in favor of the defendant with each side to bear their own attorney's fees and costs.

The above shall constitute the required findings of fact and conclusions of law required under Rule 52 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.