**ALASKA PACIFIC, INC., Plaintiff,**

v.

**The UNITED STATES of America; the Secretary of the Interior, as an agent of the United States of America; the Department of the Interior of the United States of America; and the Bureau of Land Management, an agency of the Department of the Interior of the United States of America; and Does 1–20, Defendants.**

**No. CV LV–85–1016 RDF.**

United States District Court,
D. Nevada.

Oct. 27, 1986.

Gregory J. Chachas, Ely, Nev., John W. Muije, Las Vegas, Nev., for plaintiff.

Wm. Maddox, U.S. Atty. by Robert J. Johnston, Asst. U.S. Atty., Las Vegas, Nev., for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ROGER D. FOLEY, Senior District Judge.

### FACTUAL BACKGROUND

In 1976, Congress passed the Federal Land Policy and Management Act (FLPMA), codified at 43 U.S.C. §§ 1701–1784. Section 314 of the Act establishes a federal recording system, which has two general requirements for those wishing to retain their unpatented mining claims. First, notices of location for the claims must have been initially registered with the Bureau of Land Management (BLM) before October 22, 1979. 43 U.S.C. § 1744(b). Second, in the year of the initial recording, and annually in all subsequent years, the holder of the claims must file with state officials and the BLM a notice of intention to hold the mining claims, an affidavit of assessment work performed on the claim, or a detailed reporting form. 43 U.S.C. § 1744(a). Failure to comply with either of these requirements is deemed to "conclusively constitute an abandonment of the mining claim." 43 U.S.C. § 1744(c).

Plaintiff, Alaska Pacific, Inc., owned 50% of a group of unpatented mining claims in the Little Bald Mountain Mining District, White Pine County, Nevada. According to the complaint, plaintiff's predecessor in interest sent the BLM office in Reno, Nevada, by certified mail, all documents necessary for initial location recordation on October 16, 1979, and thereby complied with 43 U.S.C. § 1744(c). However, the initial notice of location was not recorded by the October 22, 1979 deadline.

The plaintiff filed annual assessments of work on the claims in 1980 and 1981. The BLM asserts that the annual assessments were returned because there was no initial notice of location filed for the mining claims, and the fact that the assessments were resubmitted by the plaintiff in December of 1983 seems to support this contention; plaintiff asserts he did not become aware that there was a problem with the initial filing in 1980 or 1981 and it was not until "late 1982 that there was any problem with the filing of 1979." Plaintiff's Opposition at 7. According to the plaintiff, it was not until "[l]ate in the fall of 1982, when the BLM first returned, unstamped, the assessment affidavits, [that] the plaintiff was ... aware for the first time, on notice that he had, in fact, a possible problem." Id.

There were several phone conversations between the plaintiff and the BLM concerning the Pioneer claims in 1983. Plaintiff was informed by the BLM that evidence of timely filing of the 1979 initial notices of location should be submitted, and if the evidence was sufficient, the BLM would issue a decision allowing the initial filing. On December 7, 1983 the BLM received a letter and documents from the plaintiff concerning the initial filing. On December 13, 1983 the BLM requested further doc-

uments and fees which were received on December 27, 1983.

At the same time as the controversy with the BLM was occurring, plaintiff was involved in litigation with another mining company concerning ownership of the Pioneer claims. According to the plaintiff, as soon as the *United States v. Locke,* 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), case was decided the Pioneer claims were quitclaimed to the other mining company because plaintiff's belief that the *Locke* decision expelled any rights it had in the claims. This occurred on May 13, 1985. Immediately after receiving the quitclaim deed, the second mining company abandoned the claims.

This action has been brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The gravamen of this action is that the BLM failed to record the plaintiff's initial notices of location on the Pioneer claims in a timely manner prior to October 22, 1979. Defendants have moved this court to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Fed.Rule Civ.P. 12(b)(1) and (6).

DISCUSSION

In evaluating the sufficiency of a plaintiff's complaint on a motion to dismiss, the complaint shall not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Any doubt as to the character of the claim must be resolved in favor of the pleader, and the allegations of the complaint must be accepted as true.

In order to bring an action under the FTCA, 28 U.S.C. § 1346(b), a plaintiff must comply with 28 U.S.C. § 2401(b), which states that:

[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (emphasis added).

The government contends that in the instant case plaintiff failed to file an administrative claim with the BLM within the two-year limitations period.

The requirement of filing a timely claim with the appropriate federal agency is jurisdictional in nature and must be satisfied before a suit under the FTCA may be maintained. *Bailey v. United States,* 642 F.2d 344, 346 (9th Cir.1981); *Caton v. United States,* 495 F.2d 635, 637 (9th Cir.1974). The general rule under the FTCA is that a claim accrues at the time of the injury for most torts. *Davis v. United States,* 642 F.2d 328, 330 (9th Cir.1981), cert. denied, 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459 (1982). In certain cases, usually those involving medical malpractice or those injuries in which the causes are not readily apparent because the physical manifestations of the injuries take extended periods to appear, the claim does not accrue until the plaintiff knew of or in the exercise of reasonable diligence should have known of both the injury and the cause. *United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979).

Regardless of which accrual rule is applied to the plaintiff's action, the general or *Kubrick* rule, plaintiff failed to file an administrative claim within a two-year limitation period as required by 28 U.S.C. § 2401(b). If the general accrual rule is applied, plaintiff's action accrued on October 22, 1979, the last available date by which to record a notice of location.

If the *Kubrick* rule is applied, the last day to file an administrative claim was sometime in late 1984. As the plaintiff has stated, the discovery that there was a problem with the initial 1979 filing occurred in late 1982. At that point, plaintiff was aware of both his injury, loss of the Pioneer claims, and its alleged cause, failure

of the BLM to properly record. Once on notice of the injury and likely cause, plaintiff must file an administrative claim within two years. Plaintiff filed an administrative claim with the BLM on June 11, 1985, more than two years after the latest possible accrual, thus, plaintiff's action is barred for failure to comply with 28 U.S.C. § 2401(b).

In an effort to avoid application of the limitations statute, plaintiff asserts that he did not become aware that the notices of location were not filed until December 13, 1983, though he realized there was a problem with the recordation in late 1982. Further, it was not until the Locke decision in April 1985 that the nonrecordation became irreversible and plaintiff's injuries fixed. So, under plaintiff's theory the limitations period began to run either on December 13, 1983 or the date of the Locke decision, and the administrative claim was timely filed under either.

As stated above, a claim accrues when a plaintiff has been injured and is aware of the injury and probable cause. It is not necessary, as plaintiff would have this court believe, that the plaintiff be certain of his injuries, cause, and damages before the limitations period is set in motion. Lack of knowledge as to an injury's permanence, extent, and ramifications does not toll the statute of limitations under the FTCA. *Gustavson v. United States*, 655 F.2d 1034, 1036 (10th Cir.1981). Finally, there are no grounds to toll the statute of limitations. The BLM made efforts to determine whether plaintiff had properly filed in 1979 and accepted filing fees in December of 1983. However, absent claims of fraudulent concealment, or other forms of conduct which may be recognized as grounds for equitable tolling of the statute, these actions by the BLM do not toll the statute. *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir.1984), *citing, Borzeka v. Heckler*, 739 F.2d 444, 448 n. 3 (9th Cir.1984). No sufficient grounds for tolling the statute have been asserted by the plaintiff.

Since the plaintiff failed to file an administrative claim within the FTCA limitations period, this court lacks subject matter jurisdiction and the action must be dismissed.

**ORDER**

Defendants' motion to dismiss for lack of subject matter jurisdiction is granted.