D.J. Stovall, Des Moines, Iowa, for plaintiff.

Paul C. Lillios, Cedar Rapids, Iowa, for defendant.

**Edward J. POLK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C88–2003.**

United States District Court, N.D. Iowa, E.D.

March 6, 1989.

## ORDER

HANSEN, District Judge.

This matter is before the court on defendant's resisted motion to dismiss, filed December 9, 1988. Plaintiff is a claimant under the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671–80. Plaintiff's complaint arises out of an incident on December 15, 1984, where plaintiff alleges that he slipped and fell on the steps of the main Post Office in Waterloo, Iowa. On October 25, 1985, plaintiff filed a claim for administrative settlement with the United States Postal Service (USPS), seeking $90,150. On August 8, 1986, the USPS mailed a denial of this claim to plaintiff. Plaintiff received this letter on August 11, 1986. Plaintiff alleges that, on January 29, 1987, he mailed a request for reconsideration with the USPS to the USPS Assistant General Counsel. Plaintiff's complaint states that, as of July 29, 1987, plaintiff had not received any response to the reconsidera-

tion request. It is plaintiff's position that this non-response is deemed to be a final administrative denial of his claim by the USPS. Accordingly, plaintiff filed his complaint on January 11, 1988.

Defendant's motion to dismiss alleges that plaintiff's complaint is barred in light of 28 U.S.C. §§ 2401(b), 2671–80, and 39 C.F.R. § 912.9 (1988). The current applicable regulations are identical to those in effect during 1986. *Compare* 39 C.F.R. § 912.9 (1988) *with* 39 C.F.R. § 912.9 (1986). Defendant argues that the initial denial by the USPS of plaintiff's claim was a "final denial" as that term is used in 28 U.S.C. § 2401(b). Accordingly, because plaintiff's complaint was filed more than six months after the final denial, defendant alleges that this court has no subject matter jurisdiction over plaintiff's claim and that his claim should be dismissed.

### Discussion

■ The Federal Tort Claims Act (FTCA) is a limited waiver of sovereign immunity. *See, e.g., United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). As a waiver of sovereign immunity, it should be strictly construed. *See id.* at 814, 96 S.Ct. at 1976. Furthermore, the terms of the FTCA define the subject matter jurisdiction of this court to grant plaintiff any remedy he seeks. *See id.* at 813–14, 96 S.Ct. at 1975–76. Therefore, plaintiff must show compliance with the terms of the FTCA or this court must dismiss the complaint.

■ It is clear that plaintiff filed his original administrative claim within the time limitation of 28 U.S.C. § 2401(b). Furthermore, it is clear that plaintiff's complaint was not filed within six months after the denial of his *original* administrative claim. *See id.* Therefore, the issue is whether his notice for reconsideration was "filed" within six months of the date of the initial administrative denial by the USPS. *See* 39 C.F.R. § 912.9 (1988). The court concludes that it was not.

Plaintiff argues that he mailed the reconsideration request eleven days prior to the expiration of the applicable six month period under 39 C.F.R. § 912.9 and 28 U.S.C. § 2401(b). Defendant, through signed and sworn affidavits, states that it did not receive the request for reconsideration. The initial denial of plaintiff's claim clearly informed plaintiff of his right to reconsideration and the applicable regulation. "To be timely filed, the request [for reconsideration] must be received within the six-month period.... Upon timely filing of a request for reconsideration, the Postal Service will have six months to act upon your request. For additional information, see 39 C.F.R. § 912.9." Defendant's brief, filed December 19, 1988, at Exhibit 2, p. 2. 39 C.F.R. § 912.9(c) makes it clear that "a request for reconsideration of a final denial of a claim shall be deemed to have been filed *when received* in the office of the official who issued the final denial or in the office of the Assistant General Counsel, Claims Division, U.S. Postal Service, Washington, D.C. 20260–1111." 39 C.F.R. § 912.9(c) (1988) (emphasis added). There is no evidence of record indicating that plaintiff's letter was received and thus filed.

Plaintiff does not challenge the validity of this regulation. Furthermore, plaintiff and his counsel "do not claim ignorance of the statutory and regulatory requirements. They knew that a claim was required. They knew when it must be presented. The regulation gave them notice that a claim is not presented until it is received.... They did not send it by certified or registered mail, a well known and easy way to establish receipt of the claim by the [USPS]." *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981). In sum, accepting as true the facts presented by plaintiff, he did not "file" a request for reconsideration. *See* 39 C.F.R. § 912.9(c) (1988). Accordingly, the original denial of his claim stands as the "final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *accord* 39 C.F.R. § 912.9 (1988). Because it is uncontroverted that plaintiff filed this action more than six months after the date of mailing of the notice of final denial by the USPS, plaintiff's complaint is time barred. *See, e.g., McDuffee v. United States,* 769 F.2d 492, 494 (8th Cir.1985); 28 U.S.C.

§ 2401(a). Although the court does not fail to appreciate plaintiff's plight, defendant's motion to dismiss must be granted. *See McDuffee,* 769 F.2d at 494.

### ORDER:

Accordingly, It Is Ordered:

1. Defendant's motion to dismiss, filed December 9, 1988, is granted.

2. Plaintiff's complaint is dismissed.

Done and Ordered this 6th day of March, 1989.