**Ronald WHITAKER, Plaintiff—Appellant,**

and

**Melba Whitaker, Plaintiff,**

**Trans World Airlines, Inc., Intervenor,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 00–15908.

D.C. No. CV–99–00561–MLS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2001 *.

Decided Nov. 14, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before CANBY, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM [**]

Plaintiff Ronald Whitaker appeals from the district court's dismissal, for lack of subject matter jurisdiction, of this Federal Tort Claims Act (FTCA) action. We affirm.

Under the FTCA, a claimant must present an administrative claim to the appropriate federal agency before filing an action in court. 28 U.S.C. § 2675(a). A claim is not presented until it is received by the agency. *Bailey v. United States,* 642 F.2d 344, 346 (9th Cir.1981). Plaintiff bears the burden of proving that the court has subject matter jurisdiction, *Prescott v. United States,* 973 F.2d 696, 701 (9th Cir. 1992), which in an FTCA action includes proof of the defendant agency's receipt of the claim.

Plaintiff argues that he is entitled to a presumption of receipt because he proved that he mailed his claim by certified mail. He relies on *Cordaro v. Lusardi,* 354 F.Supp. 1147, 1149 (S.D.N.Y.1973), for this proposition. However, this court considered *Cordaro* in *Bailey,* 642 F.2d at 347 n. 1, and declined to hold that such a presumption exists. Further, as we note below, any such presumption was rebutted by other evidence.

Plaintiff also argues that his possession of a certified mail return-receipt card proved that the Postal Service had received his claim. After a lengthy evidentiary hearing, the district court found against Plaintiff. We review the district court's findings for clear error, *United States ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1186 (9th Cir.), *petition for cert. filed,* 70 U.S.L.W. 3181 (U.S. Sept. 4, 2001) (No. 01–413), and find none.

There were significant irregularities in the postal card that Plaintiff offered in evidence. For example, there is no signature, date of delivery, post-office stamp, or bar code on the card. Further, the card was stamped "received" by Plaintiff's counsel on a Sunday, when the postal service did not deliver mail and the law firm did not process mail. The Postal Service offered evidence of its usual procedures and of the nonreceipt of the claim. In these circumstances, the district court did not clearly err when it found Plaintiff's evidence insufficient to establish that the Postal Service received his administrative claim.

AFFIRMED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

