**Bridgette R. TADE, Plaintiff— Appellant,**

**v.**

**UNITED STATES OF AMERICA, Defendant—Appellee.**

No. 02–15756.

D.C. No. CV–00–02162–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2003.*

Decided June 16, 2003.

Before GRABER, WARDLAW, and BYBEE, Circuit Judges.

### MEMORANDUM **

Plaintiff Bridgette R. Tade filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). The district court dismissed the action for lack of subject matter jurisdiction, and we affirm.

The complaint alleges that Tade suffered an injury on March 13, 1998, at the Marine Corps Air Station Commissary in Yuma, Arizona, as a result of the United States' negligence. A tort claim against the government is barred unless it is presented in writing to the appropriate agency within two years. 28 U.S.C. § 2401(b). A claim is deemed presented when the agency receives from the claimant a completed administrative claim form. 28 C.F.R. § 14.2(a).

The government asserts that it did not receive Tade's claim form at the Law Center at the Air Station until March 16, 2000, three days after the expiration of the two-year period. Although Tade asserts that she mailed the form on March 8, 2000, simply mailing a claim within the statutory time period is insufficient to satisfy the requirement that the claim be "presented." *Bailey v. United States*, 642 F.2d 344, 346–47 (9th Cir.1981). Accordingly, the district court properly held that the claim was time-barred.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Tade argues that she had an inadequate opportunity to pursue discovery to support her theory of timely presentation of the claim. We conclude, however, that the district court did not abuse its discretion. The court gave Tade three significant extensions of the discovery period. Despite these extensions, Tade failed to file a formal request for the documents that she now seeks.

Finally, Tade argues that she is entitled to equitable relief from the deadline. We find no grounds for such relief in this record. *Cf. Gervais v. United States,* 865 F.2d 196 (9th Cir.1988) (holding that a request stamped "received" three days late was timely when it had been received at the agency's former address within the statutory period and when the agency had failed to provide the claimant with the right address).

AFFIRMED.