Daryl SAVKO; Tracie Savko,
Plaintiffs—Appellants,

v.

Carl BORGQUIST, Defendant—
Appellee.

Daryl Savko, Plaintiff—Appellant,

v.

United States of America; United
States Department of the Navy,
Defendants—Appellees.

Nos. 04–35308, 04–35309.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2005.*

Decided June 14, 2005.

Peter Moote, Freeland, WA, for Plaintiffs–Appellants.

E. Roy Hawkens, Esq., Robert S. Greenspan, ESQ., DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Defendant–Appellee Carl Borgquist.

Martha E. Raymond, David Lawrence Hennings, Wilson Smith Cochran & Dickerson, Robert Maxwell Taylor, USSE—Office of The U.S. Attorney, Seattle, WA, for Defendants–Appellees United States of America and United States Department of The Navy.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, THOMPSON, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Daryl Savko's claims against Carl Borgquist and the United States arose from a motorcycle-car accident on September 27, 2000, on Whidbey Island Naval Air Station in Oak Harbor, Washington. The district court dismissed both of Savko's federal cases for lack of subject matter jurisdiction.

Savko's state court suit against Borgquist (Docket No. 04–35308) was removed to federal court and then dismissed because Savko failed to demonstrate that Borgquist was not acting within the scope of his employment as an active duty Naval Reserve officer at the time of the accident. Dismissals for lack of subject matter jurisdiction are reviewed de novo. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). If a federal employee commits a negligent act while "acting within the scope of his office or employment," the plaintiff's exclusive remedy is a suit against the United States in federal court under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1). If a plaintiff files a claim in state court against a federal employee, the Attorney General may, as he did here, certify that the federal employee was acting in the scope of his or her employment, remove the case to federal district court and substitute the United States as the defendant. 28 U.S.C. § 2679(d)(2).

■ We affirm the district court's dismissal of Savko's suit against Borgquist. Whether Borgquist, a federal employee, was acting within the scope of his employment is determined by the applicable state law of respondeat superior. *Lutz v. Secretary of Air Force*, 944 F.2d 1477, 1488 (9th Cir.1991); 28 U.S.C. § 1346(b)(1) (the United States shall be liable for the negligence of a federal employee "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). Savko's opening brief mixes and matches the scope-of-employment inquiry with the *Feres* doctrine. The scope-of-employment inquiry under the FTCA is separate from the "incident to military service" test applied pursuant to the *Feres* doctrine and intramilitary immunity. *Id.* The question whether Borgquist was acting within his scope of employment is determined under Washington state law, not the *Feres* doctrine.

The district court held that Borgquist was acting within the scope of his employment because (1) his duty orders showed he was on active duty the day of the accident, (2) he was driving to an official meeting on base at the time of the accident, and (3) the Attorney General certified that Borgquist was acting within the scope of his employment. *See Elder v. Cisco Constr. Co.*, 52 Wash.2d 241, 324 P.2d 1082, 1084 (Wash.1958) (listing factors to consider for scope-of-employment analysis). "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993). Savko failed to demonstrate by a preponderance of the evidence

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Borgquist was acting outside the scope of his employment.

Rather than substituting the United States as the defendant in the suit against Borgquist upon finding that Borgquist was acting within the scope of his employment, the district court properly dismissed the suit because Savko already had a suit against the United States pending in federal district court. The district court also properly dismissed Savko's suit against the United States (Docket No. 04–35309) because Savko failed to file his administrative claim within two years. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

The accident occurred on September 27, 2000, and Savko did not mail his complaint until September 23, 2002. A complaint is not presented to the United States until it is received by the appropriate federal agency, 28 C.F.R. § 14.2(b)(1); mailing alone does not meet the requirement. *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981). Savko initially sent his claim to the Department of Justice—the wrong federal agency. The Department of Justice forwarded his claim to the Department of the Navy. Both agencies received the complaint after the two-year claim period. Even if we assume that filing with the Department of Justice was appropriate, we reject Savko's request for equitable tolling because federal regulations clearly state that "[a] claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency." 28 C.F.R. § 14.2(b)(1).

Alternatively, the *Feres* doctrine bars Savko's claims against the United States. In *Feres v. United States,* the Supreme Court created an exception to the liability of the United States under the Federal Tort Claims Act, holding that service members cannot sue the government for injuries that "arise out of or are in the course of activity incident to service." 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *see Lutz,* 944 F.2d at 1480.

**AFFIRMED.**