Victoria Marie ESTES, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 07–56141.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Dec. 1, 2008.

Robert W. Bates, Esquire, Robert W. Bates Law Offices, Paso Robles, CA, for Plaintiff–Appellant.

Kevin Bruce Finn, Assistant U.S., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER and CLIFTON, Circuit Judges, and REED,** District Judge.

## MEMORANDUM ***

Plaintiff Victoria Marie Estes ("Estes") appeals the district court's decision dismissing her complaint for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Estes brought suit under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 233, alleging that she had received negligent dental treatment in June 2002, at a Community Health Centers of the Central Coast facility. Under the FSHCAA, the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for medical malpractice by a health care provider who falls within the definition of 42 U.S.C. § 233(g).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a). The exhaustion requirement is jurisdictional in nature and must be interpreted strictly. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir.2000). To meet the exhaustion requirement, a claimant must have

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"presented" the claim in a timely manner to the "appropriate Federal agency." 28 U.S.C. § 2675(a). A claim is "deemed to have been presented when a Federal agency receives from a claimant … an executed Standard Form 95 or other written notification of an incident." 28 C.F.R. § 14.2(a). A tort claim that is not presented within two years is "forever barred" by the applicable statute of limitations. 28 U.S.C. § 2401(b).

Estes argues that we should treat evidence that her claim was mailed on June 1, 2004, as sufficient evidence that it was received by the agency, despite the lack of evidence of such receipt in the agency's records. This argument, however, was considered and rejected by this court in *Bailey v. United States,* 642 F.2d 344, 346–47 (9th Cir.1981), and *Vacek v. U.S. Postal Service,* 447 F.3d 1248, 1251–53 (9th Cir. 2006). Estes attempts to distinguish *Vacek* on the ground that, in that case, the plaintiff's evidence of mailing was only a declaration by the attorney who mailed the claim. *Vacek,* 447 F.3d at 1249. Here, Estes also presents as evidence the proof of service form her counsel apparently attached to the claim. This is a distinction without a difference. Neither the attorney's declaration in *Vacek* nor the attorney's declaration and proof of service form here provides any direct evidence that the claim was *received* by the agency, only that it was mailed. Indeed, in *Bailey,* the government conceded for purposes of the appeal that the claim had been mailed, but this was considered insufficient to establish that the claim had been received where the agency asserted that it had no record of the claim. *Bailey,* 642 F.2d at 346–47. Thus, there is no appropriate basis for distinguishing the facts of *Vacek*

and *Bailey* from the facts of the present case.

In sum, Estes failed to demonstrate that the agency received her claim before the statute of limitations had run. Thus, the district court was correct to dismiss Estes's complaint for lack of subject matter jurisdiction.

AFFIRMED.